EUSTIS et al. v. CITY OF HENRIETTA.

(Circuit Court of Appeals, Fifth Circuit. April 28, 1896.)

No. 447.

REMOVAL OF CAUSES — AMOUNT IN CONTROVERSY — OBJECTION BY REMOVING PARTY.

When a party has procured the removal of a cause from a state court to the United States circuit court, upon an averment that the amount in controversy is over $2,000, he ought not to be heard, upon appeal or error, to suggest that the circuit court had no jurisdiction, because the amount in controversy was less than the minimum jurisdiction of that court, solely because the judgment finally rendered is less than the jurisdictional amount.

Appeal from and in Error to the Circuit Court of the United States for the Northern District of Texas.

J. M. McCormick and Wendell Spence, for plaintiffs in error.
W. S. S. Simpkins, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and SPEER, District Judge.

PARDEE, Circuit Judge. The city of Henrietta instituted a suit at law in the district court for the county of Clay, state of Texas, against William G. Eustis and others, to recover certain real estate situated in the city of Henrietta, state of Texas, and, in default of such recovery, to recover certain sums alleged to be due the city of Henrietta for taxes on the property claimed. The defendants removed the case to the United States circuit court for the Northern district of Texas, and, in their petition for removal, averred that the sum or value in controversy, exclusive of interest and costs, exceeded the sum of $2,000. The case, after removal, was proceeded with in the circuit court, and, after various pleadings, resulted in a trial before the court and a jury. On this trial, the parties entered a written consent, in accordance with which a judgment was entered. This consent, among other matters, recited as follows:

"It is further agreed that this case, together with all the pleadings, depositions, and record evidence, of every character and description, be transferred to the equity docket; and that the lien of plaintiff for the taxes aforesaid, as set forth in the petition of plaintiff, be foreclosed at once against the properties, respectively, for the amounts due; and that a decree be so entered, subject, however, to the payment of said taxes, as above agreed to, in which event a release of said judgment and decree be entered."

In pursuance of this stipulation, the cause was entered upon the equity docket, and a decree entered in accordance with the terms mentioned. The defendants prosecute a writ of error to the judgment at law, and an appeal from the decree on the equity side of the court.

The defendants below (plaintiffs in error and appellants here), having procured the removal of the cause to the circuit court, upon an averment that the amount in controversy was over $2,000, ought not to be heard in this court to suggest, as they do in their first as-

signment of error, that the court had no jurisdiction to render the judgment and decree, because the amount in controversy was less than the minimum jurisdiction of the court. As a matter of law, the jurisdiction of the circuit court depended upon the state of facts at the time of removal. The value, as set forth in the petition of removal, not being questioned by the party against whom the removal was made, cannot be questioned here by the removing and losing party, solely because the judgment finally rendered is less than the jurisdictional amount of the circuit court.

It appears to be settled by the supreme court that while a writ of error may lie to a judgment rendered by consent, and an appeal may be taken from a decree by consent, yet, on appeal or error, the court will not consider any errors that may be assigned which were in law waived by the consent. Railroad v. Ketchum, 101 U. S. 289, 295; U. S. v. Babbitt, 104 U. S. 767, 768; Nashville, C. & St. L. Ry. Co. v. U. S., 113 U. S. 261, 266, 5 Sup. Ct. 460. In the last-mentioned case, the supreme court says:

"But the insurmountable difficulty is that the former decree appears upon its face to have been rendered by consent of the parties, and could not, therefore, be reversed, even on appeal. Courts of chancery generally hold that from a decree by consent no appeal lies. 2 Daniell, Ch. Prac. c. 32, § 1; French v. Shotwell, 5 Johns. Ch. 555; Winchester v. Winchester, 121 Mass. 127. Although that rule has not prevailed in this court under the terms of the acts of congress regulating its appellate jurisdiction, yet a decree which appears by the record to have been rendered by consent is always affirmed, without considering the merits of the cause."

Judgment and decree of the circuit court affirmed.