JENNES v. LANDES et al.

(Circuit Court, D. Washington, N. D. December 31, 1897.)

1. EQUITY PLEADING — SUFFICIENCY OF BILL—NECESSITY OF PRAYER FOR PROCESS.
    A bill is not demurrable because it contains no prayer for process where the defendants who are required to answer are named both in the caption and body of the bill.

2. ALIENAGE—NECESSITY OF CONSENT OF GOVERNMENT RENOUNCED.
    The consent of the United States is not necessary to enable a citizen to voluntarily expatriate himself, and become a citizen of another country.

3. JURISDICTION—ALLEGATION OF ALIENAGE—SUFFICIENCY.
    Allegations in a bill against citizens of the state of Washington that complainant was by birth a citizen of that state, but by her marriage with a British subject, and removal to British Columbia, became a citizen of Great Britain, no law of that country making her a citizen by reason of such facts being pleaded, are insufficient to sustain the jurisdiction of the federal court on the ground of diversity of citizenship.

4. SAME—PLEADING STATUTE OF CANADA.
    It will not be presumed, in the absence of a showing that there is a British law conferring it, that the Canadian parliament ·has power to naturalize a citizen of the United States, and make him a citizen of Great Britain; and the setting out in a bill of a Canadian statute, under which it is claimed the complainant, who is by birth a citizen of the United States, became a British subject, is insufficient to confer jurisdiction on the federal court on the ground that complainant is an alien.

This is a suit in equity, by Lutie Jennes, a married woman, against Henry Landes and others, for an accounting respecting certain property to which she claims ownership.    The defendants have demurred to the bill on two grounds, viz.:   The bill does not contain a prayer for process, nor designate the defendants who are required to answer, and the bill shows upon its face that the case is not within the jurisdiction of this court.    Demurrer sustained.

W. F. Hays and Charles E. Shepard, for plaintiff.
A. R. Coleman and Richard Saxe Jones, for defendants.

HANFORD, District Judge.    Both in the caption and in the body of the bill of complaint the defendants who are required to answer are named, and plainly designated.    This being so, the bill is not demurrable, because there is no prayer for process.

The complainant was born in the state of Washington, and lived in the state of Washington until her marriage to a British subject, when she removed to, and became permanently domiciled in, British Columbia, and she is now an inhabitant of British Columbia; and in her bill of complaint alleges that by her change of domicile and marriage she has become and is a subject of the queen of Great Britain. The showing that complainant was by birth a citizen of the United States raises a question as to her alienage at the time of commencing this suit, and, as the jurisdiction of this court depends upon diversity of citizenship, it must be alleged positively, and facts must be proven sufficiently to satisfy the mind of the court beyond any question of legal doubt that she is an alien; otherwise the case must be dismissed for want of jurisdiction.

A change of allegiance from one government to another can only be effected by the voluntary action of the subject, complying fully with the conditions of naturalization laws, so that there is concurrent action and assent on the part of both the subject and the government to which the new allegiance attaches.    Authorities entitled to great respect have been cited in the argument, holding that it is also necessary to have assent on the part of the government renounced.    In my opinion, that rule no longer obtains in the United States, since congress, by the act of July 27, 1868, now re-enacted in section 1999, Rev. St., has expressly declared it to be the policy of our government that the right of expatriation is a natural and inherent right of all people,

indispensable to the enjoyment of the rights of life, liberty, and the pursuit of happiness. The averment in the bill that the complainant has become a British subject is the statement of a mere legal conclusion, and, in view of the other facts alleged, it is very questionable whether it can be regarded as a sufficient allegation of a jurisdictional fact. It is also questionable whether, if the allegation should be traversed, the complainant would be permitted to sustain the issue on her part by introducing in evidence a British law, if there be one similar to our section 1994, adopting her as a British subject as a consequence of her marriage. Courts are not required to take judicial knowledge of foreign laws; therefore, if it should be necessary to prove the existence of such a law in this case, it should be pleaded. In his opinion in the case of Pequignot v. City of Detroit, 16 Fed. 211, Mr. Justice Brown stated that by the sixteenth section of 7 & 8 Vict. c. 66 (1844), it is enacted "that any woman married, or who shall be married, to a natural-born subject or a person naturalized, shall be deemed and taken to be herself naturalized, and have all the rights and privileges of a natural-born subject." If this statute, or any similar British law, is now in force, the complainant did become a British subject by her marriage, and is entitled to sue in this court; but, in my opinion, it is necessary to amend her bill by pleading the statute. Demurrer sustained.

### Opinion on Demurrer to Amended Bill.

By her amended bill of complaint the complainant alleges, in addition to the matters set forth in her original bill, that by the laws of the dominion of Canada and the province of British Columbia relating to the subject of citizenship, allegiance, and naturalization of married women, "a married woman shall within Canada be deemed to be a subject of the state of which her husband is, for the time being, a subject," and that it is so provided by a statute enacted by the parliament of the dominion of Canada in the year 1885, the same being section 22 of chapter 113, volume 2 of the Revised Statutes of Canada of 1886. To this amended bill the defendants have also demurred on the ground that the alienage of the complainant, and her right to sue in this court, does not sufficiently appear. Whether the Canadian statute above quoted has the effect to confer upon women who are married to British subjects residing in Canada the rights, and subject them to the obligations, of subjects of the queen of Great Britain, depends partly upon the intent of the Canadian parliament in the enactment, and partly upon the constitution of that government. I will not, at this time, attempt an interpretation of the statute, for, as Canada is not an independent sovereignty, I do not feel justified in presuming, without a further showing, that its parliament has the power to naturalize citizens of the United States so as to complete their change of allegiance from the government of the United States to that of Great Britain. If there is any British law conferring such power upon the Canadian parliament, it should be pleaded, as any other foreign law upon which the rights of a litigant in this court depend. Demurrer sustained.