JENNS v. LANDES et al.

(Circuit Court, D. Washington, N. D. March 2, 1898.)

FEDERAL JURISDICTION—ALIENAGE OF PARTIES.

Under the Canadian statute declaring that a married woman "shall within Canada be deemed to be a subject of the state of which her husband is for the time being a subject," a woman who marries a British subject domiciled in Canada, and lives there with him, becomes an alien, as respects the United States, so as to enable her to sue in a federal court.

This was a suit in equity by Lutie Jenns against Henry Landes, Christian Landes, the First National Bank of Port Townsend, and the Landes Estate Company. The cause was heard upon demurrer to the second amended complaint.

W. F. Hayes and Charles E. Shepard, for complainant.
A. R. Coleman and Richard Saxe Jones, for defendants.

HANFORD, District Judge. In this case demurrers have been sustained to the original and first amended complaints on the ground of failure to show that the complainant, Lutie Jenns, was at the time of the commencement of the suit an alien. 84 Fed. 73. A second amended complaint has been filed, in which, to supply the defect in former pleadings, it is alleged, among other things: That the complainant is 23 years of age. That she was born in the state of Washington, and lived with her father until the year 1896, when she permanently removed from the state of Washington, and forsook and abandoned her allegiance to the United States, and was lawfully married to a subject of the queen of Great Britain and Ireland, domiciled in the city of Victoria, and who was then, and is now, a citizen of the province of British Columbia. That afterwards, with her husband, she removed to the city of Vancouver, B. C., where she has since resided with her husband. That her permanent domicile is in said city. That by section 91 of the act of the imperial parliament of Great Britain and Ireland, known as the "British North America Act of 1867" (30 Vict. c. 3), providing for the union and federation of the states and provinces now composing the dominion of Canada, provision is made for the naturalization of aliens as follows: "It is hereby declared that (notwithstanding anything in this act) the exclusive legislative authority of the parliament of Canada extends to all matters coming within the classes of subjects next hereinafter enumerated, that is to say, * * * class No. 25 naturalization and aliens." That said act of parliament has ever since remained in full force, and, by virtue of the authority thereby conferred upon the parliament of the dominion of Canada, it was enacted by said parliament in the year 1886, by section 22, c. 113, in volume 2 of the officially published statutes of Canada of 1886, that "a married woman shall within Canada be deemed to be a subject of the state of which her husband is for the time being a subject," which act has, since the date thereof, been, and now is, in force as a part of the law of Canada and of Great Britain; and by virtue of said acts, and by reason of her change of domicile and marriage, complainant claims to be a subject of the queen of Great Britain and Ireland, and a citizen

85 F.—51

of the province of British Columbia. The case has been again argued upon a demurrer to this second amended bill.

In accordance with my opinion heretofore given in this case, I hold the bill of complaint as now amended to be sufficient to show that the complainant has become an alien, and that she is entitled to maintain this suit in this court. The only serious question arising upon the demurrer to the second amended complaint is as to the construction and effect of the Canadian statute of 1886. The words of the act appear to be qualified and limited, and it is contended that it does not confer naturalization upon women married to Canadians, except temporarily, while they remain within Canada. Conceding this point, still the complainant is now, and at the time of commencing this suit was, naturalized in Canada, and permanently domiciled there. If, by removing from Canada, her status as to her citizenship should be changed, still the jurisdiction of this court would not be devested. Where the jurisdiction of a United States circuit court depends upon the citizenship or alienage of the parties, the jurisdictional facts must exist at the time when the jurisdiction is first invoked, and, after jurisdiction has attached, it does not become devested by subsequent changes of residence or alteration of the status of the parties as citizens or aliens. 1 Fost. Fed. Prac. p. 41. Demurrer overruled.