WALLENBURG v. MISSOURI PAC. RY. CO. (two cases).

(Circuit Court, D. Nebraska. February 14, 1908.)

Nos. 7, 8.

1. ALIENS—NATURALIZATION—DECLARATION OF INTENTION—"CITIZEN."

An alien's declaration of his intention to become a citizen of the United States did not make him a citizen, he having never taken out his naturalization papers.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 2, pp. 1164–1174; vol. 8, pp. 7602, 7603.]

2. REMOVAL OF CAUSES—GROUNDS—PETITION—PROOF.

Where a removal petition was based wholly on the ground of diverse citizenship, defendant was not entitled to removal on proof that the plaintiff was an alien, and that the case was removable on the ground that it was an action brought by an alien in a state court against a citizen of another state.

3. SAME—AMENDMENT.

Where a removal petition was based wholly on diverse citizenship, and the proof showed that plaintiff was an alien, the federal court had no jurisdiction, nor could the defect be cured by amendment which would necessitate the setting up of an entirely new and distinct ground for removal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 178.]

4. "CITIZENS"—WHO ARE CITIZENS—WOMEN MARRIED TO ALIENS.

Where a woman was born a "citizen" of the United States, she did not lose her citizenship by marrying an alien, at least so long as she continued to reside in the United States.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Citizens, § 7.

For other definitions, see Words and Phrases, vol. 2, pp. 1164–1174; vol. 8, pp. 7602, 7603.

Citizenship of married women, see note to 65 C. C. A. 5.]

5. REMOVAL OF CAUSES—ALLEGATION AND PROOF OF CITIZENSHIP.

Where a petition to remove a cause filed in a Nebraska state court alleged that plaintiff was a citizen and resident of Nebraska, and that defendant was a corporation organized under the laws of Missouri and was a citizen of that state, but the proof showed that plaintiff was a citizen of Louisiana, the removal was erroneous.

McCoy & Olmsted, for plaintiffs.
James W. Orr and John F. Stout, for defendants.

W. H. MUNGER, District Judge. The plaintiffs in these two cases are husband and wife, and each brought an action in the state court

against the defendant to recover damages alleged to have been sustained by reason of an injury received by Maggie Wallenburg, by reason, as alleged, of the negligence of the defendant. The defendant filed its petition in the state court in each of said cases, asking to have them removed into this court, on the sole ground of diversity of citizenship, alleging in each case that the plaintiff was a citizen and resident of Nebraska, and the defendant a corporation organized under the laws of the state of Missouri, and a citizen of Missouri. Plaintiffs in each case have filed their pleas in this court denying the jurisdiction of the court, denying that they were citizens of the state of Nebraska, but alleging that they are citizens of the state of Louisiana. On the trial the evidence disclosed that the plaintiff August Wallenburg was born in Germany, and a subject of that empire; that he came to the United States some years ago, and declared his intention to become a citizen of the United States, but had never taken out his naturalization papers. The declaration of his intention to become a citizen of the United States did not make him such, and he remains an alien. City of Minneapolis v. Reum, 56 Fed. 576, 6 C. C. A. 31.

Defendant contends that, where a suit is brought in the state court by an alien against a citizen of another state, the case is a removable one into the United States court, notwithstanding the objection of the alien plaintiff, and therefore that this case should not be remanded. Conceding, for the purposes of the argument, though not deciding, that where an alien brings suit in a state court against a citizen of another state such defendant may remove the case into the federal court over the objection of the alien plaintiff, we do not think that aids the defendant in this case. The petition for removal to the state court was, as we have said, based wholly on the ground of diverse citizenship. When the jurisdictional fact is disputed, it devolves upon the petitioner seeking to have the case removed to establish the right of removal, and this right must appear to exist upon the ground stated in his petition for removal. The allegations in the petition and the proof must correspond. Woolridge v. McKenna (C. C.) 8 Fed. 650. The proof failing to establish diversity of citizenship, it follows that this court has no jurisdiction, nor could this defect be cured by amendment. While a petition may be amended in this court by making a more perfect statement of the alleged ground of removal, an amendment will not be permitted which sets up an entirely new and distinct ground for the removal. As said by Justice Miller, in Cameron v. Hodges, 127 U. S. 322–326, 8 Sup. Ct. 1154, 32 L. Ed. 132:

"There is no precedent known to us which authorizes an amendment to be made even in the Circuit Court by which grounds of jurisdiction may be made to appear which were not presented to the state court on the motion for removal."

For this reason, the case of August Wallenburg v. Missouri Pacific Railway Company is remanded to the state court.

Another and different question is presented in the case of Maggie Wallenburg v. Missouri Pacific Railway Company. The evidence shows that she was born a citizen of the United States; that she was

married to August Wallenburg August 30, 1904, and has always resided within the United States. Does the fact of marriage by a woman, a citizen of the United States, to an alien, change her status in respect to citizenship? The federal decisions are not uniform upon this question, as will be seen from a reading of the cases of Shanks v. Dupont, 3 Pet. 242, 7 L. Ed. 666; Pequignot v. City of Detroit (D. C.) 16 Fed. 211; Comitis v. Parkerson et al. (C. C.) 56 Fed. 556, 22 L. R. A. 148; Jennes v. Landes (C. C.) 84 Fed. 73; Ryder v. Bateman (C. C.) 93 Fed. 16-21; Ruckgaber v. Moore (C. C.) 104 Fed. 947. Without undertaking to review the reasons given for the conclusions reached in each of the foregoing cases, I am clearly of the opinion that a woman, a citizen of the United States, does not lose that citizenship by marriage to an alien, at least so long as she continues to reside in the United States, and that under the proofs in this case Maggie Wallenburg was, at the time of the bringing of this action, and still is, a citizen of the United States.

A careful consideration of the testimony leads me to believe that, at the time of the bringing of the action, she was a citizen of the state of Louisiana, and not a citizen of the state of Nebraska, and the case is therefore controlled by Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264.

For this reason, the case will be remanded to the district court of the state.