## RONES v. KATALLA CO.

(Circuit Court, W. D. Washington, N. D. November 10, 1910.)

### No. 1,630.

1. REMOVAL OF CAUSES (§ 45*)—CAUSES REMOVABLE — SUIT BETWEEN ALIEN AND CITIZEN OF ANOTHER STATE.

An action brought by an alien in a state court against a nonresident who is a citizen of another state, is removable by the defendant, where the requisite amount is involved.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 89; Dec. Dig. § 45.*]

2. REMOVAL OF CAUSES (§ 105*)—RIGHT OF DEFENDANT TO REMAND.

A defendant which has removed a cause into a federal court on the ground of diversity of citizenship, its petition alleging that plaintiff is a citizen of the state of suit and defendant a corporation of another state, is not entitled to have the cause remanded because it is developed on the trial that plaintiff is an alien; the court having jurisdiction of the controversy either under the facts alleged in the petition for removal or under those shown by the evidence.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 215; Dec. Dig. § 105.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

At Law. Action by Iver Rones against the Katalla Company. On motion by defendant to vacate the judgment and remand the cause to the state court. Motion denied.

Stevenson & Sorley, for plaintiff.

Bogle & Spooner and F. T. Merritt, for defendant

DONWORTH, District Judge. This case in its present aspect involves but one question: Is the defendant entitled to have the judgment against it vacated and the case remanded to the state court?

The action was begun in the superior court of King county, Wash., and is for the recovery of $18,000 damages for personal injuries alleged to have been sustained by the plaintiff while employed by the defendant in construction work at a place called Island Channel in the district of Alaska. Within the time allowed by law the defendant filed in the superior court its petition for the removal of the cause to this court. In the petition the defendant alleges that the controver-

sy is between citizens of different states; that the plaintiff was at the time of the commencement of the action and still is a citizen of the state of Washington and a resident of the Western district thereof, and that the defendant is and during all said times was a corporation organized and existing under the laws of the state of New York. An order of removal was duly made by the state court and the transcript of the record was filed and docketed in this court on February 10, 1910. The sufficiency of the petition for removal, assuming its allegations of fact to be true, is not now, and has not been, questioned by either party. No motion to remand has at any time been made by the plaintiff. On June 17, 1910, the cause was put on trial before the court and a jury and the plaintiff became a witness in his own behalf. On cross-examination by defendant's attorneys, he stated that he was born in Norway, and, although he had declared his intention to become a citizen, he had not as yet completed his naturalization. Thereupon defendant orally moved the court to remand the case for want of jurisdiction. The motion was denied. The trial resulted in a verdict in plaintiff's favor for $3,000, upon which judgment was thereafter entered. On July 14, 1910, a written motion to vacate the judgment and remand the cause was filed by the defendant—

"upon the ground that it appears from the petition for removal of said cause and from the testimony of said plaintiff upon said trial that the proceedings to remove said cause from said superior court of King county, Wash., to this court were ineffectual for that purpose, and that this court never acquired jurisdiction of said cause and has no jurisdiction thereof."

There is no doubt that a suit brought in a state court by an alien against a nonresident citizen of another state, or against a corporation incorporated under the law of another state, may be removed by the defendant to the Circuit Court. Barlow v. Chicago Railway Co., 164 Fed. 765; Sherwood v. Newport Co., 55 Fed. 1; Stalker v. Pullman Co., 81 Fed. 989.

Where the defendant removes a suit and the plaintiff does not seasonably raise the objection that the suit cannot be maintained in the Circuit Court of that particular district, the court will retain jurisdiction of the cause, if it be a cause of the class of which the Circuit Courts of the United States in general are given jurisdiction, though neither party resides in the district. In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904.

The defendant urges that as the jurisdiction on removal was invoked by reason of an allegation of diverse citizenship, which the plaintiff's answers to its questions at the trial showed to be untrue, the jurisdiction cannot be retained, though it appears that the suit is between an alien and a citizen. I am unable to assent to this proposition. The petition for removal is concededly sufficient on its face to divest the jurisdiction of the state court and to remove the cause to this court. The plaintiff by seasonably traversing the averments of fact in the petition could have had a trial upon the issue so raised, and the burden in that case would have been upon the defendant to establish the truth of the facts alleged. No denial of those allegations

or any of them has ever been made and the plaintiff has acquiesced in the removal of the cause to this court. Clearly the defendant having itself secured the removal, is estopped to deny the allegations of fact upon which that removal was obtained. The trial of the action upon the merits was not for the purpose of determining the truth of those allegations, and the evidence there taken cannot be set up by the defendant as countervailing its own statements in the petition, upon which no issue has ever been made.

In Fisher v. Shropshire, 147 U. S. 133, 13 Sup. Ct. 201, 37 L. Ed. 109, it is said:

"The suit was removed into the Circuit Court of the United States by the defendant John Lyle and having done that, he then contended that the court had no jurisdiction, because George Lyle was an indispensable party defendant and he was a citizen of the same state as complainants. We do not think this will do. * * * We are not prepared to hold the Circuit Court should be deprived of jurisdiction at the suggestion of the party who voluntarily invoked it."

A similar conclusion is reached by the Circuit Court of Appeals' of the Fifth Circuit in Eustis v. City of Henrietta, 74 Fed. 577, 20 C. C. A. 537, a case directly in point here in principle.

Whether, if the plaintiff had moved to remand and for that purpose had traversed the allegations of defendant's petition for removal, the defendant could have amended the petition by alleging that the suit was between an alien and a citizen instead of between citizens of different states, I am not called upon to decide. The cases of Wallenburg v. Railroad Company (C. C.) 159 Fed. 217, Woolridge v. McKenna (C. C.) 8 Fed. 650, Wilbur v. Red Jacket Co. (C. C.) 153 Fed. 662, and Harding v. Standard Oil Co. (C. C.) 170 Fed. 651, bear upon that question. Since the decision of the Supreme Court in Kinney v. Columbia Savings & Loan Association, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103, the strictness of the rule which was formerly deemed applicable to the amendment of petitions for removal must be regarded as appreciably relaxed.

It is urged by defendant that it is the duty of the court of its own motion to remand the cause under section 5 of the act of March 3, 1875, c. 137, 18 Stat. 472 (U. S. Comp. St. 1901, p. 511), but this section requires the court to dismiss or remand a cause only when it appears to the satisfaction of the court that the suit "does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court." The present suit does really and substantially involve a controversy properly within the jurisdiction of this court, even if the facts developed upon the trial are taken into consideration. It is a suit at law of a civil nature where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, and, upon the facts disclosed by the testimony, the controversy is between a citizen of a state and a foreign subject. No case has been cited as authority for the proposition that the provisions quoted from the act of 1875 apply to such a situation as is presented here. The cases where the Supreme Court has construed those provisions demonstrate, I think, that they should not be applied merely to enable a defendant to dispute the jurisdiction which he has him-

self invoked on mistaken allegations of fact, where the court would have jurisdiction of the controversy either under the state of facts alleged in the petition for removal or under the state of facts which later develops at the trial of the cause. See, among others, Morris v. Gilmer, 129 U. S. 315, 9 Sup. Ct. 289, 32 L. Ed. 690, Mansfield Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462, and Nashua Railroad Co. v. Lowell Railroad Co., 136 U. S. 356, 10 Sup. Ct. 1004, 34 L. Ed. 363.

That a petition for removal insufficient on its face to remove the cause does not in fact remove it, and that the defendant who has secured a purported transfer of the cause on such a petition may nevertheless assert the absence of jurisdiction in the Circuit Court, is of course well established. The distinction, however, between that proposition and the proposition contended for by defendant is too clear to require elaboration.

The motion is denied.