## WILBUR v. RED JACKET CONSOL. COAL & COKE CO.

### (Circuit Court, S. D. West Virginia. April 13, 1907.)

### No. 125.

REMOVAL OF CAUSES—AMENDMENT OF PETITION—POWER OF COURT TO ALLOW.

Where, in a petition for removal, counsel through misinformation erroneously stated the citizenship of the plaintiff, the federal court may permit an amendment after removal accurately stating the fact so as to show that the court has jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 178.]

Trespass on the Case. On motion to remand to state court and petition for leave to amend petition for removal.

This action was brought by the plaintiff in the circuit court of Mingo county, W. Va., and the defendant, within the time prescribed therefor by law, filed in that court its petition for the removal of the cause to this court, alleging in said petition that the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000; that the plaintiff at the commencement of the suit was, and still is, a citizen of the state of Kentucky; and that the defendant corporation at the commencement of the suit was and still is a citizen of the state of Virginia, etc. This petition was accompanied by the bond prescribed by statute, and thereupon the circuit court of Mingo county entered an order removing the cause to this court and declining to proceed further therein. On the first day of the next term of this court, sitting at Huntington, the cause was duly docketed, and on the same day the plaintiff by his counsel moved the court to remand the cause to the circuit court of Mingo county, upon the ground that upon the showing of the petition the suit should be remanded in accordance with the decision of this court in Foulk v. Gray (C. C.) 120 Fed. 156, because under the showing of the petition for removal neither the plaintiff nor the defendant was a citizen or resident of the state of West Virginia. Thereupon the defendant asked leave of the court to amend the petition for removal so as to show that the plaintiff, Leo H. Wilbur, at the commencement of this suit was, and still is, a citizen of West Virginia, residing at Corbin post office, Kanawha county, in the Southern district of West Virginia, and in support thereof filed the affidavit of J. M. Boling as to the fact of plaintiffs' residence and citizenship, and the affidavit of Wells Goodykoontz, Esq., as to the misinformation under which he had prepared the original petition in which it was stated that plaintiff was a citizen of Kentucky. To the amendment of the petition for removal the plaintiff objected, and the case is now before me upon the motion to remand and the petition asking leave to amend the original petition for removal.

Stokes & Bronson, for plaintiff.
Sheppard, Goodykoontz & Scherr, for defendant.

KELLER, District Judge. The sole question to be determined in this case is as to whether a petition of removal is amendable as to any of its statements of fact at the discretion of the court, and, if so, whether this is an instance in which the court should exercise its discretion to permit such amendment.

In the first place, I may say that almost all the Circuit Courts have held that the allegations of the petition for removal as originally filed in this case are sufficient to give absolute jurisdiction to hear and determine the cause. I have held that such allegations were sufficient to give such jurisdiction in the absence of any motion by plaintiff to remand the case. In this case such motion is made, and thereupon the

defendant asks leave to amend his petition so as to show more clearly the facts making this case one legally removable to this court, and thereupon files an affidavit alleging that the plaintiff at the commencement of the suit was and still is a citizen of the state of West Virginia, and a resident of the Southern district thereof.

What is the nature and office of a petition for removal? The Supreme Court of the United States, in the case of Kinney v. Columbia Savings & Loan Association, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103, speaking by Justice Brewer, says:

"It is frequently stated that amendments are within the discretion of the court, and that, unless it appears that the discretion has been abused, no error is shown. A petition and bond for removal are in the nature of process. They constitute the process by which the case is transferred from the state to the federal court."

The court goes on to quote the familiar provisions of law authorizing the amendment of process, pleadings, and other proceedings in courts of the United States, found in sections 948 and 954, Rev. St. U. S. [U. S. Comp. St. 1901, pp. 695, 696]. In the Kinney Case the allegation as to citizenship was as follows:

"That the controversy in said suit is between citizens of different states, and that the defendant in the above-entitled suit was at the time of the commencement of the suit, and still is, a resident and a citizen of the city of Denver, and state of Colorado."

It will be seen that in this case, while the citizenship of the defendant was fully and accurately stated, the citizenship of the plaintiffs was not stated at all, the petition merely containing a general averment that the controversy was between citizens of different states; and the amendment of the petition was permitted. In the case at bar the citizenship of the defendant was accurately stated, and a specific averment was made that "at the commencement of this suit Leo H. Wilbur [the plaintiff] was and still is a citizen of the state of Kentucky." It subsequently appeared that the defendant's counsel was misinformed as to plaintiff's citizenship, and he now asks to be permitted to make the facts to appear on the record.

The motion to remand was predicated on my opinion in the case of Foulk v. Gray (C. C.) 120 Fed. 156, and it is a fact, no doubt well known to counsel on both sides, that in most jurisdictions the courts sustain their jurisdiction on removal upon allegations as to citizenship similar to those appearing in the original petition for removal. While I am still convinced that my decision in the case of Foulk v. Gray, ante, was correct, and that a motion by the plaintiff to remand in this case would have had to be sustained had he been in fact a citizen and a resident of Kentucky, in support of which view see opinion of court in Cochran v. Montgomery County, 199 U. S. 273, 26 Sup. Ct. 58, 50 L. Ed. 182, and Gebbie & Co. v. Review of Reviews Co. (C. C.) 134 Fed. 150, yet, upon the authority of Kinney v. Columbia, etc., Association, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103, Powers v. Chesapeake & O. R. Co., 169 U. S. 91, 18 Sup. Ct. 264, 42 L. Ed. 673, Parker v. Overman, 18 How. 137, 15 L. Ed. 318, Carson v. Dunham, 121 U. S. 421, 7 Sup. Ct. 1030, 30 L. Ed. 992, and many others, I hold that the motion to amend the petition for removal should be sus-

tained. In the case of Parker v. Overman, ante, Mr. Justice Grier, delivering the opinion of the court, said:

"In the petition to remove this case from the state court there was not a proper averment as to the citizenship of the plaintiff in error. It is alleged that Parker resided in Tennessee and White in Maryland. 'Citizenship' and 'residence' are not synonymous terms; but, as the record was afterwards so amended as to show conclusively the citizenship of the parties, the court below had, and this court have, undoubted jurisdiction of the case."

The tendency of all of these decisions is to recognize the right of amendment of the petition for removal to the extent of the correction of erroneous statements, and the addition of statements to more fully show the facts which support the grounds of removal. The grounds of removal in this case are the facts that this is a civil suit, in which the amount in dispute exceeds the sum of $2,000, exclusive of interest and costs, in which the parties are citizens of different states, and the amendment offered is for the purpose of more particularly and accurately stating the citizenship and residence of the parties so as to show that this court has jurisdiction of the cause.

I think it proper, before closing this opinion, to call the attention of counsel to the advisability, to say the least, of conforming in these removal proceedings to the approved proceedings and forms laid down in text authorities upon the practice in United States courts. For example, in the present case the petition is not verified, nor does the original petition set forth the residence of the plaintiff. That of the defendant (it being a corporation) is necessarily in the state of its citizenship. See Wilcox & Gibbs G. Co. v. Phœnix Ins. Co. (C. C.) 60 Fed. 929. While it is true that the courts are very liberal in overlooking such defects in the petition, especially where it has been received by the state court without objection (see Meyer v. Del. R. R. Construction Co., 100 U. S. 457, 25 L. Ed. 593), still, inasmuch as the jurisdiction of the federal courts is a limited jurisdiction, dependent upon a substantial compliance with the conditions requisite to invoking it, due care should be taken to pattern the forms and proceedings so as to conform to the best approved models.

An order may be entered overruling the motion to remand, and amending the petition for removal.