## JOHNSON v. COAST MANUFACTURING & SUPPLY CO. et al.

### No. 623.

District Court, S. D. California, N. D.
Oct. 26, 1931.

Frankley & Spray and F. Britton Mc-Connell, all of Los Angeles, Cal., for plaintiff.

Robinson, Price & Macdonald, of Oakland, Cal., for defendants.

COSGRAVE, District Judge.

This action was commenced in the superior court of the state of California, for the county of Inyo, by plaintiff, who, in his complaint, fails to allege of what state he is a citizen. Defendant Coast Manufacturing & Supply Company is described therein as of the state of Delaware. The citizenship of the other defendants is not described. The action is for damages claimed to have been suffered from a premature explosion of dynamite caused by a too rapidly burning fuse, and the charge laid against the defendant above named is negligent manufacture of the fuse. Plaintiff alleges that he purchased the fuse from Jane Doe Teagle, a retailer in Kern county. The defendant above named, together with Black and Hoopes, the employers of plaintiff, are named as defendants, together with fictitious persons. Teagle is not named defendant, but is referred to in the complaint as a retailer of the fuse, selling it in its original package to Black and Hoopes, the employers of plaintiff. Black and Hoopes are charged by reason of an alleged violation of the provisions of the Workmen's Compensation Insurance and Safety Act (St. Cal. 1917, p. 831, as amended).

The Coast Manufacturing & Supply Company filed its petition for removal to the federal court, claiming that a separable controversy existed; that it was a citizen of the state of Delaware, and that plaintiff was a "resident" of the state of Arizona; that Black and Hoopes are citizens of the state of California. The case was transferred by the superior court of Inyo county to the United States District Court, and motion to remand is now made by plaintiff. At the same time a motion to amend its petition for removal is made by Coast Manufacturing & Supply Company by adding to its petition for removal the designation of the citizenship of the plaintiff as being of the state of Arizona.

Coincident, it seems, with the hearing on the motion to remove to the District Court, an amendment was filed by plaintiff making Teagle, the retailer referred to in the complaint, a party defendant, and the claim is made by defendant Coast Manufacturing & Supply Company that such joinder is fraudulent and for the purpose of preventing removal.

It is difficult to understand why plaintiff, knowing the name and relation of the facts to defendant Teagle, failed to make her a party in the first instance and now claims that she was one of the fictitious defendants. The entire scope of the amendment is merely to make Teagle a party defendant as one of the fictitious persons named in the complaint originally. This is strongly suggestive of the truth of the defendant's charge that she was made defendant for the sole purpose of confining the case to the superior court.

█ The complaint charges the negligent manufacture of the fuse on the part of Coast Manufacturing & Supply Company and its sale by that corporation to Teagle; that Teagle sold it to the employers of plaintiff in

272

the precise condition and original package in which it was purchased by her. The basis of the complaint against the Coast Manufacturing & Supply Company is the negligent manufacture of the fuse. This is a charge against Coast Manufacturing & Supply Company only, and clearly a separable controversy is presented. I think that defendant may properly claim removal.

If diverse citizenship is shown in the petition, such removal is proper. Plaintiff is described as a resident of Arizona, but not as a citizen. The petition is therefore insufficient in this respect. The defendant, however, asks leave to amend his petition by stating that the plaintiff is not only a resident but a citizen of Arizona. The right to grant such an amendment clearly exists (Kinney v. Columbia Savings & Loan Ass'n, 191 U. S. 78, 24 S. Ct. 30, 48 L. Ed. 103), and I think should be granted under the circumstances. I am also of the opinion that the addition of defendant Teagle does not change the situation since the liability claimed against such defendant is entirely different from that claimed against defendant Coast Manufacturing & Supply Company and that a separable controversy exists so far as defendant Coast Manufacturing & Supply Company is concerned.

Motion of defendant to amend its petition is granted, and motion to remand denied.