### RONSON ART METAL WORKS, Inc. v. HILTON LITE CORP. et al.

#### No. 31797.

United States District Court
N. D. California, S. D.
April 9, 1953.

Landels & Weigel, San Francisco, Cal., for plaintiff.

Davis & Colvin and George B. White, San Francisco, Cal., for defendant.

FRIEDMAN, District Judge.

Plaintiff filed its complaint in the Superior Court of the State of California, in and for the City and County of San Francisco, on August 21, 1952, against several persons mentioned by name as defendants and against several persons sued fictitiously as Does. On September 4th, all the defendants mentioned by name filed petition

for removal to this District Court. A motion by plaintiff to remand to the state court is now before this court.

Plaintiff is a New Jersey corporation, and all the defendants reside in the State of California, so the matter of diversity of citizenship is not an issue.

The first question to be considered is this: If this complaint were filed originally in the United States District Court, would a motion to dismiss be granted on the ground that no federal question is involved? If the answer is in the affirmative, then plaintiff's motion to remand should be granted; if in the negative, then we have a second matter to consider.

There are certain cases which may be filed in the state court without removal to the federal court even when a federal question is involved. The second question is this: Does this case come under that category? If the answer is in the affirmative, then the motion to remand should be granted; if in the negative, then we have a third matter to consider.

The third question is this: One Hubbard was served as a defendant under the fictitious name of Doe I on August 29, 1952. Hubbard did not join in the petition for removal. Does the failure of Hubbard to join in the original petition for removal under all the circumstances necessitate sending this case back to the state court? If the answer is in the affirmative, the motion to remand should be granted; if in the negative, the motion to remand should be denied.

1. Plaintiff's complaint alleges the following: Plaintiff has been engaged in the business of manufacturing and selling cigar and cigarette lighters for more than 25 years in the United States; plaintiff operates factories in New Jersey and Pennsylvania and also manufactures the lighters in England and Canada; plaintiff's lighters are sold in the United States by over 80,000 retailers; plaintiff has 700 distributors located throughout the nation; during the last 25 years, about 50,000,000 lighters of plaintiff have been sold in the United States and Canada, with a total retail sales of about $250,000,000; plaintiff has widely advertised its lighters throughout the United States in all advertising media, including magazines of nationwide circulation, nationwide radio networks, and nationwide television networks; vast sums of money have been spent by plaintiff's distributors and retailers throughout the United States in advertising and promoting, and the cost of advertising is millions of dollars. Plaintiff claims that defendants have engaged in wrongful acts for the purpose of injuring and defrauding plaintiff, of defrauding the trade, consumers and the public and of wrongfully appropriating plaintiff's good will and reputation; that defendants wrongfully made or caused to be made tools, dies and other equipment for lighters in Japan; that defendants wrongfully induced manufacturers and other persons in Japan to make parts for the Hilton lighters of defendants and to send them to defendants at San Francisco, California; that defendants wrongfully sell these lighters in the United States and elsewhere; that defendants wrongfully threaten to flood the market with these lighters in the United States and elsewhere. In the prayer of the complaint, plaintiff seeks to restrain and enjoin the defendants from continuing any or all of the unfair competition and wrongful acts described in the complaint and from wrongfully manufacturing, assembling, offering for sale, selling, using, exhibiting, advertising and otherwise dealing in lighters as set forth in plaintiff's complaint.

 Plaintiff has cited many cases to show that no federal question is involved. Those cases are all decided by the Court of Appeals in the Second and other Circuits, but none of them in the Ninth Circuit. The Lanham Trade-Mark Act of 1946, 15 U.S. C.A. §§ 1051–1127, is clearly interpreted by the Court of Appeals of the Ninth Circuit in the cases of Stauffer v. Exley, 9 Cir., 1950, 184 F.2d 962, and Pagliero v. Wallace China Co., 9 Cir., 1952, 198 F.2d 339. The case before us is even stronger than those two cases. The ground of jurisdiction over the unfair competition alleged in the instant case is the exercise by Congress of its power to repress unfair competition which affects interstate commerce,

through the enactment of the Lanham Act and the granting of jurisdiction over actions arising under that Act. If the alleged unfair competition, even though it were only local in the sense that the defendants were transacting only intrastate business, nevertheless affected the plaintiff's interstate business, then jurisdiction in such a case is unequivocally granted to the federal courts. In the case before us, the allegations of the complaint are clear that defendants are transacting not only intrastate business, but interstate business, and that they are clearly affecting adversely the interstate business of plaintiff. If, therefore, this complaint were originally filed in the United States District Court, a motion to dismiss on the ground that no federal question is involved would be denied.

2. We come then to the second question. Plaintiff urges that even though a federal question may be involved, there are certain cases which, when originally filed in the state court, cannot be removed to the federal court; that plaintiff has intended to bring this action under the laws of the State of California concerning unfair competition. There are certain cases which involve a federal question, but which, if originally filed in the state court, cannot be removed to the federal court. For example, the Federal Employers' Liability Act gives concurrent jurisdiction to the courts of the United States and the state courts. 45 U.S.C.A. § 56. Another example is the Federal Natural Gas Act of 1938, as amended, 15 U.S.C.A. § 717f(h), where the Act itself provides that the action may be brought in the District Court of the United States or in the state courts. The Lanham Act makes no such provision.

It is true, as said by Mr. Justice Holmes in The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 411, 57 L.Ed. 716, that "the party who brings a suit is master to decide what law he will rely upon," but this does not mean that plaintiff can select his own forum regardless of what his complaint contains. This complaint on its face alleges in effect that plaintiff is engaged in interstate and foreign commerce, that defendants are committing wrongful acts in the United States and in foreign countries, and that said wrongful acts of the defendand are affecting plaintiff's business in the United States and in foreign countries.

There are some cases cited by plaintiff which on careful reading do not support plaintiff's position. In Algonquin Gas Transmission Co. v. Gregory, D.C.1952, 105 F.Supp. 64, the only issue was the amount of damages in a suit to condemn an easement for natural gas transmission facilities. That case did not require any interpretation of any federal law; the legal rights of the parties were clear, and the only question was the determination of the amount that plaintiff should receive in the condemnation proceedings. In the first place, no federal right was an essential element of the action, and in the second place, the Federal Natural Gas Act provided that such actions may be brought either in the District Court of the United States or in the state courts.

In Abrams v. Hart Cotton Mills, D.C.1949, 85 F.Supp. 664, cited by plaintiff, an action was brought in the state court to prevent certain picketing under the law of the State of North Carolina. The United States District Court ordered the remand to the state court on the ground that there was no right created by the laws of the United States which was an essential element of plaintiff's cause of action. In the case at bar, it will be necessary to determine, among other things, what constitutes unfair competition under the Lanham Act, and to apply that interpretation of the federal law to the facts presented at the trial. I find that this is not one of the exceptions to the general rule concerning cases where federal questions are involved.

3. We come then to the third matter. Suit was filed on August 21, 1952, in the state court. Hubbard was served as Doe I on August 29th. On September 4th, a petition was filed for removal to the United States District Court. On September 5th, the return of service of summons was filed. On January 16, 1953, Hubbard filed his joinder with the other defendants in the removal to the federal court.

694

Nowhere in the complaint is Hubbard mentioned by name as a defendant. The complaint alleges that plaintiff does not know the true names of the defendants Does I to V, inclusive, and therefore sues them under said fictitious names; plaintiff prays that their true names may be inserted therein upon ascertainment, together with appropriate charging allegations.

Whether the fact that Hubbard filed his consent to the removal from the state court on January 16, 1953, should be considered by this court on the theory that the petition for removal is in the nature of "process", and that an amendment to such process may be permitted, need not be determined by this court. Kinney v. Columbia Savings & Loan Ass'n, 1903, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103. On September 4, 1952, all persons who were named as defendants joined in the petition for removal. On that date, there were no other known defendants from any examination of the record. The complaint not only did not give the true names of the Does, but stated affirmatively in effect that it had not charged the Doe defendants in the complaint, and permission would be sought at a later time to charge them.

As stated in Thiel v. Southern Pacific Co., 9 Cir., 1942, 126 F.2d 710, 711, "although the Does are named as defendants in the caption of the complaint, the complaint states no cause of action—no claim upon which relief can be granted—against the Does or either of them. It not only fails to show who the Does are, but also fails to show any relationship whatever between the Does and appellant or between the Does and appellee, or that any legal duty was ever owed by the Does to appellant. Much less does it show that such duty was breached. * * * No cause of action having been stated against the Does, they must be disregarded in determining whether the suit was removable." I find that the failure of Hubbard to join in the original petition for removal under all the circumstances of this case does not make it necessary that the motion to remand be granted.

The motion to remand is denied.