Albert BROWNE and Frank S. Ryskiewicz d/b/a Park Bowling Alley, Plaintiffs,

v.

HARTFORD FIRE INSURANCE COMPANY, a Corporation, Springfield Fire & Marine Insurance Company, a Corporation, Defendants.

No. 58 C 1673.

United States District Court
N. D. Illinois, E. D.
Jan. 7, 1959.

Dixon & Seidenfield, Waukegan, Ill., for plaintiffs.

Samuel Levin, Chicago, Ill., for defendants.

CAMPBELL, District Judge.

On August 14, 1958, plaintiffs filed a complaint seeking recovery under their contract of insurance for claimed loss from windstorm in the Circuit Court of Lake County, Illinois, against defendants, Hartford Fire Insurance Company and Marine Insurance Company. Summons was served on the defendants on August 22, 1958, and on September 10, 1958, a petition for removal of the cause from the Circuit Court of Lake County, Illinois, was filed in this Court and the cause was removed.

Petitioners set forth in their grounds for removal that there is involved an amount in excess of $10,000 exclusive of interest and costs and that the named defendants, Hartford Fire Insurance Company and Springfield Fire and Marine Insurance Company were incorporated in and therefore are citizens of the states of Connecticut and Massachusetts respectively whereas the plaintiffs are citizens of the county of Lake, State of Illinois. There is no mention in any of the pleadings of the principal place of business of either of the defendants. The only allegations with respect to the business of either defendant are contained in the complaint which alleges that both of these defendants are qualified, authorized, and are in fact doing business in the State of Illinois and that all the dealings between the parties in this case took place in the City of Waukegan, County of Lake, and State of Illinois.

On September 25, 1958, plaintiffs filed a motion to remand this cause to the Circuit Court of Lake County, Illinois, on the ground that jurisdiction does not exist in this Court as alleged. The petition for removal bases jurisdiction upon the general diversity section (Title 28 U.S.C. § 1332) of the United States Code which section was amended effective July 28, 1958. Subsection (c) of the Amended section 1332 provides as follows: "For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The plaintiffs contend that the defendants in their petition for removal, have failed to allege that defendant corporations do not have their principal places of business in the State of Illinois as required by the amended Sec. 1332 and that therefore, there is a fatal defect in the petition since it contains no proper allegation of diversity of citizenship. Accordingly they assert there are no grounds for removal (28 U.S.C. § 1332; 28 U.S.C. § 1441) and that the cause should be remanded. 28 U.S.C. § 1447 (c).

The underlying purpose of diversity of citizenship legislation is to provide a separate forum for out-of-State citizens against supposed local prejudices. The purpose of removal legislation is to give a non-resident defendant who has been unwillingly brought into a State court, the right to remove to the presumably unprejudiced forum of the Federal court.

There is no question but that the recent trend in legislation has been to restrict jurisdiction in regard to removal causes in order to reduce the high volume of State cases that have been pouring into the United States Courts. Also, removal sections traditionally have

been strictly construed and all doubts have always been resolved against removal.

The latest amendment to Sec. 1332 continues this policy. The legislative purpose of Sec. 1332 is discussed in the Congressional Record, June 30, 1958, at pages 11502–11509 and is set out in the U.S.Code Congressional and Administrative News, 1958, at pages 2595, 2596, as follows:

"It is now established doctrine that a corporation, for the purposes of jurisdiction is deemed a citizen of the State in which it is incorporated * * * It is by virtue of this rule, which is now long standing and thoroughly imbedded in our jurisdiction, that so-called out-of-State corporations may sue and be sued under the diversity jurisdiction where it is sued or being sued by a citizen of a State other than the State of its incorporation. This fiction of stamping a corporation a citizen of the State of its incorporation has given rise to the evil whereby a local institution, engaged in a local business and in many cases locally owned, is enabled to bring its litigation into the Federal courts simply because it has obtained a corporate charter from another State * * * This circumstance can hardly be considered fair because it gives the privilege of a choice of courts to a local corporation simply because it has a charter from another State, an advantage which another local corporation that obtained its charter in the home State does not have. The underlying purpose of diversity of citizenship legislation * * * is to provide a separate forum for out-of-State citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the Federal courts. Whatever the effectiveness of this rule, it was never intended to extend to local corporations which, because of a legal fiction, are considered citizens of another State. It is a matter of common knowledge that such incorporations are primarily initiated to obtain some advantage taxwise in the State of incorporation or to the obtain the benefits of the more liberal provisions of the foreign State's corporation laws. Such incorporations are not intended for the prime purpose of doing business in the foreign State. It appears neither fair nor proper for such a corporation to avoid trial in the State where it has its principal place of business by resorting to a legal device not available to the individual citizen. Because of these circumstances, and others, the Judicial Conference of the United States has recommended that the law be amended so that a corporation shall be regarded not only as a citizen of the State of its incorporation but also a citizen of the State in which it maintains its principal place of business. This will eliminate those corporations doing a local business with a foreign charter but will not eliminate those corporations which do business over a large number of States, such as railroads, insurance companies, and other corporations whose businesses are not localized in one particular State. Even such a corporation, however, would be regarded as a citizen of that one of the States in which was located its principal place of business."

█ It is clearly seen from this statement of purpose that amended Sec. 1332 (c) is not specifically directed at corporations such as defendants in the case at bar, nor is it specifically directed at a case of this nature. However, this knowledge does not solve the problem at hand since it is plain from the Statute that the defendants must each allege their principal place of business in their petition for removal in order to establish diversity of citizenship so that the cause is properly removable.

In arguing to the contrary defendants refer to page 2497 of the 1958 U.S.Code Congressional and Administrative News where the following statement appears:

"With regard to the matter of a corporation's principal 'place of business' the Federal Rules do not require that such information appear in the pleadings and the information is seldom mentioned."

This statement might seem very much in point but a reading of its source reveals that it is taken out of context. The Congressional Record June 30, 1958, containing remarks by Representative Keating, clarifies the above statement:

"The exclusion of cases from the Federal courts brought by or against corporations having their principal place of business in the same State of which the other party was a resident would aid substantially in relieving congestion in the Federal courts. Unfortunately, completely accurate figures on just how much effect this action would have are not available. *The reasons* [sic] *for this is that the Federal rules do not require that information as to the principal place of business of the corporation appear in its pleadings. Therefore, the last information, is not usually available."* (Emphasis supplied)

Obviously Representative Keating was discussing the degree of Federal court congestion which would be relieved by the amendment in question and his statement that Federal rules make no requirement that information as to "principal place of business" be given in the pleadings must be viewed in light of the fact that a corporation prior to the amendment was regarded only as a citizen of the State where it was incorporated. Therefore, the principal place of business of a corporation was irrelevant in the petition for removal and in the pleadings. Today, under amended Sec. 1332(c) a corporation is a citizen of the State where it is incorporated and also of the State

where it has its principal place of business. Therefore, if the provisions of 28 U.S.C. Sec. 1446 requiring a "verified petition containing a short and plain statement of the facts which entitle him or them to removal", as well as the provisions of Sec. 1332 and Sec. 1441 are to be met, it is clear that the principal place of business of a corporation must be set out in the petition to properly establish diversity of citizenship.

In keeping with the policy of Federal courts to strictly construe removal statutes and to resolve all doubts against removal, the Federal courts have always been very particular in requiring a distinct statement of the citizenship of the parties in order to sustain the jurisdiction of those courts. Cameron v. Hodges, 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132; Phoenix Ins. Co. v. Pechner, 95 U.S. 183, 24 L.Ed 427; Southern Pac. Co. v. Haight, 9 Cir., 126 F.2d 900; Marshall v. Navco, Inc., D.C., 152 F.Supp. 50; Gratz v. Murchison, D.C., 130 F.Supp. 709; Kovell v. Pennsylvania Railroad Co., D.C., 129 F.Supp. 906.

Here, since the principal place of business of the defendant corporations is not set out in the petition or the pleadings, there is no allegation of diversity of citizenship as required by Sec. 1332. Therefore, there is a fatal defect in the petition and therefore there are no grounds for removal since this court has no basis upon which to assume jurisdiction.

On October 20, 1958, defendants filed an amendment to their petition for removal setting out the principal places of business of each maintaining that this was no more than a technical defect which can be cured by amendment. I cannot agree. This is an attempted amendment to a petition for removal and not an amendment to a complaint. Since the petition for removal was in reality not a petition for removal because of its failure to allege a necessary jurisdictional fact, the amendment would have had to have been filed within the statutory

time. Sec. 1446(b) provides for a twenty day period "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading * * * or within twenty days after the service of summons upon the defendant * * *." Here summons was served on defendants on August 22, 1958, and their amendment was filed on October 20, 1958 some two months later and thus after the twenty day statutory time set out in Sec. 1446.

Therefore, the amendment cannot be allowed. Gratz v. Murchison, D.C., 130 F. Supp. 709; White v. Sullivan, D.C., 107 F.Supp. 959; Cline v. Belt, D.C., 43 F. Supp. 538.

■ Title 28 U.S.C. § 1653 provides that "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This is not the instant case. There is no pleading of the required facts at all. This is not an attempt to cure a defect but to make an entirely new allegation. Amendments to petitions for removal after the statutory time has passed may be permitted only where the amendment is one to cure technical defects or to amplify the allegations of the petition. Thus, the amendment must do no more than set forth in proper form what has been previously imperfectly stated in the petition for removal. Kinney v. Columbia Savings and Loan Ass'n, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103; Powers v. Chesapeake & O. R. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673; Frazier v. Hines, 4 Cir., 260 F. 874; Cline v. Belt, D.C., 43 F.Supp. 538.

Defendants cite a number of cases in opposition to the motion to remand (including the Kinney and Powers cases above, which clearly support the motion to remand) which, in my opinion have either been misinterpreted by defendants or are not in point. Accordingly they will not be discussed here.

The motion to remand is granted, and the cause is hereby remanded to the Circuit Court of Lake County, Illinois.