Malinda McMillen FRANKS, by and through her mother and next friend, Clara McMillen, Plaintiff,

v.

CITY OF OKEMAH, OKLAHOMA, Wiley Edward Brewer, Howard Bennett, and James H. McMillen, Defendants,

State Farm Mutual Automobile Insurance Company, Garnishee.

Civ. No. 4608.

United States District Court
E. D. Oklahoma.

Aug. 7, 1959.

Bailey & Pitchford, Okmulgee, Okl., Smith & Douglass, Henryetta, Okl., for plaintiff.

Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, Okl., for defendant.

EUGENE RICE, Chief Judge.

On the 19th day of November, 1958, in the District Court of Okfuskee County, State of Oklahoma, plaintiff was granted a judgment, by default, against Howard Bennett for the sum of $25,000 for pain and suffering and personal injuries sustained in an automobile collision between a car driven by the defendant, James H. McMillen, and a car driven by Wiley Edward Brewer, Chief of Police of the Town of Okemah, Oklahoma. Plaintiff alleges in her petition that Brewer, Chief of Police of the Town of Okemah, was not only the agent of the Town of Okemah but was also the agent of Howard Bennett, and that at the time of the collision he, Brewer, as the Chief of Police of the Town of Okemah, was, at Bennett's request, providing a police escort for Bennett through the Town of Okemah. Plaintiff's petition discloses that Bennett was driving his own car, following the car that Brewer was driving, and that Bennett's car did not come into contact with the car in which plaintiff was riding. The principal allegation of negligence by the plaintiff was to the effect that Brewer was driving at a speed of approximately 80 miles per hour at the time of the collision; that Bennett was following the police car, but at the time of the collision was able to swerve to the left and avoid striking either of the cars.

When the case was called for trial in the state court, Bennett did not appear, either in person or by counsel. Plaintiff dismissed her cause without prejudice against the City of Okemah and Wiley Edward Brewer. After the evidence was introduced, the Court sustained a motion to dismiss as to James H. McMillen.

After obtaining the judgment against the defendant, Bennett, plaintiff caused an execution to be issued which was returned, "No property found." Thereupon, the attorney for plaintiff filed an affidavit for garnishment, pursuant to the law of the State of Oklahoma, which affidavit is as follows:

"J. I. Pitchford, being first duly sworn, says that he is one of the attorneys for the plaintiff, Malinda McMillen Franks, in the above entitled action, and that the said plaintiff, on the 19th day of November, 1958, recovered judgment in the above entitled action against the said defendant, Howard Bennett, for the sum of $25,000.00, with interest thereon at the rate of Six (6) Per Cent per annum from said date, and all the costs of said action, and Execution was duly executed against the said judgment debtor, and the same was, on the 6th day of January, 1959, returned by the Sheriff of Okfuskee County, State of Oklahoma, unsatisfied and endorsed, 'No property found in my County to levy on to satisfy this judgment,' and affiant has good reason to believe and does believe the State Farm Mutual Automobile Insurance Company has money and property of the said Howard Bennett in its possession and under its control and is indebted to him, and the said Plaintiff, Malinda McMillen Franks, is desirous of having an order issued by the Clerk of this Court, requiring the said State Farm Mutual Automobile Insurance Company to answer in the time prescribed by law, interrogatories concerning said indebtedness or property, said interrogatories being hereto attached.

"Affiant further states that Malinda McMillen Franks' judgment against the defendant, Howard Bennett, was for personal injuries caused by the negligence of the said Howard Bennett, in the operation and use of the automobile, and at the time plaintiff received said injuries, the above named Garnishee had issued a policy of insurance covering the liability of the said Howard Bennett as a result of his operation or use of said automobile, by the terms of which said Garnishee became liable to pay any damages thus sustained up to a stipulated amount, and no amount of said liability has been paid."

"/s/ J. I. Pitchford"

Attached to the affidavit were six interrogatories, as follows:

"Interrogatory No. 1: Did the State Farm Mutual Automobile Insurance Company have in force and effect a public liability insurance policy on the Pontiac automobile belonging to Howard Bennett at the time the accident occurred in Okemah, Oklahoma, on April 15, 1957 covering liability for personal injuries resulting from the operation or use of said automobile by the said Howard Bennett.

"Interrogatory No. 2: What is the amount of liability of the State Farm Mutual Automobile Insurance Company for personal injuries provided in said insurance policy.

"Interrogatory No. 3: What is the amount of coverage under said policy for injuries suffered by any one person.

"Interrogatory No. 4: Did the State Farm Mutual Automobile Insurance Company assume the defense of the said Howard Bennett in this action.

"Interrogatory No. 5: Why has the amount of liability of the State Farm Mutual Automobile Insurance Company under said policy not been paid as provided in said policy.

"Interrogatory No. 6: If coverage is found to exist, what is the amount of liability of the State Farm Mutual Automobile Insurance Company for personal injuries under the policy which said company had covering the Pontiac automobile owned and operated by Howard Bennett at the

time of the accident causing injury to Malinda McMillen Franks in the City of Okemah, Oklahoma on the 15th day of April, 1957."

On February 21, 1959, the garnishee, State Farm Mutual Automobile Insurance Company, filed in this court a petition for removal, and on the same date filed an answer. In the petition for removal, garnishee alleges as follows: "That said suit is a civil action at law wherein the plaintiff as the judgment creditor of Howard Bennett seeks to recover from your petitioner a money judgment in the amount of $25,000.00, with interest from November 20, 1958, and the court costs attendant to the proceedings which resulted in the judgment in favor of the plaintiff and against Howard Bennett."

The garnishee also alleges that "the plaintiff was and now is a resident and citizen of the State of Oklahoma * * * that your petitioner was and now is a citizen of the State of Illinois * * * that the said garnishment action and suit is a civil action between citizens of different states wherein the amount in controversy exceeds the amount of $10,-000.00, exclusive of interest and costs."

Plaintiff filed a motion to remand, assigning three reasons: "(1) That said proceeding was improperly removed to this court; (2) That this court has no jurisdiction of said proceeding; (3) That the amount in controversy does not exceed the sum of $10,000.00, exclusive of interest and costs, as between the plaintiff and the defendant garnishee, as the insurance policy attached as an exhibit to the Petition for Removal discloses that the liability of said defendant garnishee is limited to $10,000.00 for bodily injury to any one person, and that the judgment herein is for bodily injuries to only one person."

On July 17, 1959, long after the time for removal of said action, garnishee filed a motion for leave of court to amend petition for removal. The amendment is as follows:

"That at the time of the commencement of said garnishment action and suit, the plaintiff, Malinda McMillen Franks, was and now is a resident and citizen of the State of Oklahoma; that the above named defendant, Howard Bennett, at the time of the commencement of said garnishment action and suit was and now is a resident and citizen of the State of Texas; that your petitioner was and now is a resident and citizen of the State of Illinois, being a corporation organized and existing under and by virtue of the laws of the State of Illinois and having its home office and principal place of business located in the city of Bloomington, State of Illinois; that the interests of the plaintiff, Malinda McMillen Franks, judgment creditor, and Howard Bennett, judgment debtor, are adverse to that of your petitioner; that said garnishment action and suit is a civil action between citizens of different States wherein the amount in controversy exceeds the amount of Ten Thousand Dollars ($10,000.00), exclusive of interest and costs, and is a controversy over which the District Courts of the United States have original jurisdiction."

There are two novel and important jurisdictional problems presented in this case, the first one being whether or not the garnishee should be allowed to file its requested amendment to the second paragraph of its petition for removal. It is quite apparent that the garnishee did not comply with the jurisdictional requirements of the removal statute, as amended, effective July 25, 1958, 28 U.S. C.A. § 1332. The amendment increased the jurisdictional amount in removal cases to a sum in excess of $10,000, exclusive of interest and costs, and further provided that a corporation shall be deemed a citizen of any state by which it had been incorporated and of the state where it has its principal place of business.

The petition for removal, as filed, does not disclose diversity of citizenship when measured by the amended statute. It is

true that the garnishee alleged in its petition for removal that it was and now is "a resident and citizen of the State of Illinois." If the garnishee is a citizen of the State of Illinois, it is such citizen by reason of the fact that it is a corporation organized and existing under the laws of the State of Illinois, but no such allegation is made—merely the conclusion that the petitioner is a citizen of the state without any facts to substantiate the legal conclusion; nor is there any statement included in the petition for removal designating the state where petitioner has its principal place of business.

█ There are decisions which hold that a defective allegation in regard to diversity of citizenship or the jurisdictional requirement of the amount involved may be amended, provided the amendment does no more than set forth in proper form what had before been improperly stated. Carson v. Dunham, 121 U.S. 421, 7 S.Ct. 1030, 30 L.Ed. 992. Garnishee relies, to a great extent, upon the authority of Kinney v. Columbia Savings and Loan Association, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103, which case clearly stands for the proposition that the court had the power to permit the amendment under the facts shown therein. A careful reading of that opinion, however, convinces me that it is not applicable to the amended statute involved here. This Court may take notice of the fact that one of the purposes, if not the chief purpose, of the amended legislation was to decrease the number of cases that could be removed by reason of diversity of citizenship. The purpose was not to facilitate removals but to limit them. In keeping with that concept of the purpose of the amendment, I am convinced that a more strict compliance with the requirements of jurisdictional averments in removals based upon diversity of citizenship should be required. Chesapeake & Ohio Railway Company v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544; Browne v. Hartford Fire Insurance Company, D.C., 168 F.Supp. 796; Gratz v. Murchison, D.C., 130 F.Supp. 709. Motion to amend petition for removal is denied.

The garnishee contends that the amount in controversy is $25,000, the amount of the judgment that was obtained by the plaintiff in the state court; and in support of this contention alleges that the garnishment affidavit corresponds to a petition and that had the insurance company failed to respond to the garnishment affidavit and interrogatories, judgment could have been taken against the company for $25,000, and upon that premise alleges that at the time of the filing of the removal petition in this court, the pleadings disclose that the amount involved, and the amount which the plaintiff was seeking to recover from the garnishee, was the sum of $25,000.

██ It may be conceded that the courts have heretofore held that the garnishment affidavit is the beginning of a new action, and the affidavit corresponds to a petition; and that such a proceeding may be removed to the Federal Court provided the jurisdictional requirements are met. London & Lancashire Indemnity Company of America v. Courtney, 10 Cir., 106 F.2d 277; Reed v. Bloom, D.C., 15 F.Supp. 7; however, I am unable to agree with the garnishee's contention that the required jurisdictional amount is involved in this case. In the affidavit filed by the plaintiff and in the interrogatories propounded, there is no contention that the insurance company is obligated to pay the amount of the judgment. The filing of the affidavit and the propounding of interrogatories is the method whereby, under state law, the insurance company is required to disclose whether or not it has a policy covering the automobile in question and demands that, in the event the insurance company has such a policy, it pay the judgment "to the extent of the liability contained in the policy." The policy attached to the response filed by the insurance company discloses that the limit of its liability is $10,000. The plaintiff does not take issue with the amount of the policy. She does take issue with certain other parts of the response, but the plaintiff specifically ac-

**198**

cepts $10,000 as the amount of liability, in the event of coverage.

The entire response of the garnishee, to the interrogatories propounded, compels the conclusion by this Court that the real controversy involves the question of whether or not the insurance company is liable for the injuries that the plaintiff sustained. The question of coverage, rather than the extent of liability, is the real lawsuit. A realistic view of the pleadings compels the conclusion that the maximum amount involved is $10,000.

The motion to remand is granted, and the cause is remanded to the District Court of Okfuskee County, State of Oklahoma.