**CARLTON PROPERTIES, INC.**

v.

**CRESCENT CITY LEASING CORPORATION.**

**Civ. A. No. 31502.**

United States District Court
E. D. Pennsylvania.

Dec. 18, 1962.

Edmund V. Ludwig, Biester & Ludwig, Doylestown, Pa., for plaintiff.

Herman J. Obert, Cushman & Obert, Philadelphia, Pa., for defendant.

KRAFT, District Judge

 Plaintiff, a corporation, instituted this action for specific performance and allied relief in the Court of Common Pleas of Bucks County. On May 25, 1962, defendant, also a corporation, filed a petition for removal of the action to this Court, purportedly on the basis of diversity of citizenship. Plaintiff thereafter filed a motion for remand on the

ground that the record failed to show that diversity existed when the suit was instituted by the issuance of the summons in equity on April 30, 1962. Plaintiff's contention has merit, and the motion will be granted.

██ The citizenship of a corporation is defined in 28 U.S.C. § 1332(c), as amended:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The petition for removal alleges diversity of citizenship *at the time of the filing of the petition,* but is altogether silent as to citizenship at the time suit was instituted. We do not agree with defendant that the complaint "confirms both the respective places of business and the diversity of citizenship." The reference is to paragraph 1 of the complaint:

"1. Plaintiff is a New York corporation, organized and existing under the laws of the State of New York, with its registered office at 400 Madison Avenue, New York, and defendant is a corporation organized and existing under the laws of the State of Georgia, with its principal office in Atlanta, Georgia, its mailing address being Post Office Box 1738, in that city."

The term "registered office", "principal office" and "principal place of business" are not interchangeable. See Washington-East Washington Joint Authority v. Roberts and Schaefer Company, 180 F.Supp. 15, at p. 17 (W.D.Pa. 1960).

██ The record must show diversity at both times. See Jackson v. Allen, 132 U.S. 27, at p. 34, 10 S.Ct. 9, 33 L.Ed. 249 (1889):

"It appears from the record that the citizenship of the parties at the commencement of the actions, as well as at the time the petitions for removal were filed, was not sufficiently shown, and that therefore the jurisdiction of the state court was never divested. Stevens v. Nichols, 130 U.S. 230 [9 Sup.Ct.Rep. 518]. This being so, the defect cannot be cured by amendment. Crehore v. Ohio and Mississippi Railroad Co., 131 U.S. 240 [9 Sup.Ct.Rep. 692]."

Extensive research persuades us that the principle announced in Jackson is still the law as respects removal of actions. We agree with the conclusion reached in Washington, supra, 180 F. Supp. at p. 16:

"Somewhere in the record, either in the petition for removal or in the pleadings filed in the state court, the record must affirmatively show diversity of citizenship not only at the time the removal petition is filed in this court but at the time of the commencement of the suit in the state court. Otherwise the jurisdiction of the state court is not divested."

We conclude that there has been no sufficient allegation of the diversity of citizenship required by 28 U.S.C. § 1332 (c). In the absence of facts in the record upon which diversity jurisdiction can rest, this Court has no jurisdiction. Jackson v. Allen, supra.

Following oral argument, defendant presented a motion for leave to amend the petition for removal in the particulars noted. Since the petition for removal failed to allege a necessary jurisdictional fact, we have no jurisdiction in this matter except to declare our want of jurisdiction. A different question would have been presented if the petition to amend had been filed within the statutory time. Sec. 1446(b) provides for a twenty day period "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading * * * or within twenty days after the service of summons upon the defendant * *."

Defendant points to paragraph 7 of the petition for removal, which avers

that this Court "has jurisdiction by reason of diversity of citizenship of the parties," and refers us to Firemen's Ins. Co. of Newark, N. J. v. Robbins Coal Co., 288 F.2d 349 (5th Cir. 1961) where a somewhat similar averment was held to justify the allowance of an amendment. In that case, the record failed to show the respective principal places of business of the corporate parties, both at the time of removal and at the time suit was commenced. The Court stated (p. 350):

"This Court has held that a defective allegation of diversity jurisdiction in a suit originally filed in a federal district court can be amended in the Court of Appeals. Kaufman v. Western Union Telegraph Co., 5 Cir., 224 F.2d 723. We think this is authorized by the provisions of 28 U.S. C.A. § 1653:

"'Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.'

"Moreover, we think this same right should obtain with respect to a petition for removal. See Park v. Hopkins, D.C.S.D.Ind., 179 F.Supp. 671. The general allegation in the original petition for removal in this case, 'that the controversy in said case is entirely between citizens of different states,' although conclusionary in nature and possibly not sufficient if not amended, is sufficient to confer jurisdiction on the federal courts to permit the curing of the defect by amendment. See Kinney v. Columbia Savings & Loan Ass'n, supra."

The decision in Robbins rested upon the supposed authority of Kinney v. Columbia Savings & Loan Ass'n, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103 (1903). However, Kinney did not go so far. It allowed amendment of mere *technical* defects in the allegations of a removal petition after a lapse of more than twenty days. The boundary adverted to by Kinney has been described in Southern Pacific Co. v. Stewart, 245 U.S. 359, at p.

363, 38 S.Ct. 130, at p. 131, 62 L.Ed. 345 (1917):

"Amendments have been permitted so as to make the allegations of the removal petition more accurate and certain when the amendment is intended to set forth in proper form the ground of removal already imperfectly stated. See Kinney v. Columbia Savings & Loan Assn., 191 U.S. 78 [24 Sup.Ct. 30, 48 L.Ed. 103], and the review of previous cases in this court contained in the opinion in that case."

The entire subject has been exhaustively considered, and the authorities collected, in two recent cases, and we can add nothing to what was there so well said. F & L Drug Corp. v. American Central Insurance Co., 200 F.Supp. 718 (D.Conn.1961); Browne v. Hartford Fire Insurance Company, 168 F.Supp. 796 (N.D.Illinois, E.D.1959). What was stated in Browne, a fairly analogous case, is equally pertinent here. 168 F. Supp. at p. 800:

"Title 28 U.S.C. § 1653 provides that 'defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.' This is not the instant case. There is no pleading of the required facts at all. This is not an attempt to cure a defect but to make an entirely new allegation. Amendments to petitions for removal after the statutory time has passed may be permitted only where the amendment is one to cure technical defects or to amplify the allegations of the petition. Thus, the amendment must do no more than set forth in proper form what has been previously imperfectly stated in the petition for removal. Kinney v. Columbia Savings and Loan Ass'n, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103; Powers v. Chesapeake & O. R. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673; Frazier v. Hines, 4 Cir., 260 F. 874; Cline v. Belt, D.C., 43 F.Supp. 538."

In our view we have no jurisdiction to entertain defendant's motion to amend

the removal petition, or to do other than to remand the case. It follows that we are without power to consider defendant's motion to dismiss and plaintiff's motion to amend.

## ORDER

NOW, December 18th, 1962, it is ordered that plaintiff's motion to remand be, and it is, granted, and the action is remanded to the Court of Common Pleas of Bucks County, Pennsylvania.