Rogelio A. SAMBRANO and Aurora C. Sambrano, Plaintiffs,

v.

GENERAL MOTORS CORPORATION, dba Frigidaire Appliance Co., and John Does 1–10, Defendants.

Civ. No. 87–0703.

United States Court, D. Hawaii.

March 31, 1988.

Paul E. Dibianco, Adelina Simpliciano, Wagner, Watson & Dibianco, Honolulu, Hawaii, for Rogelio A. and Aurora C. Sambrano.

Burnham H. Greeley, Richard J. Kowen, Janice T. Futa, Honolulu, Hawaii, for General Motors Corp.

## MEMORANDUM ORDER OF REMAND

TASHIMA, District Judge, Sitting by Designation.

This is a products liability action which was removed here from state court on the basis of diversity of citizenship jurisdiction. 28 U.S.C. §§ 1332(a), 1441(a) & (b). Plaintiffs have moved to remand the action to state court.

The motion is predicated on the single, narrow ground that the petition for removal "alleged that Plaintiffs are residents of the State of Hawaii and that Defendant–

Petitioner failed to allege the *citizenship* of Plaintiffs." (Emphasis added.) Defendant contends that this is a mere technical defect which can be and should be allowed to be corrected by amendment. *Kinney v. Columbia Sav. & Loan Ass'n.*, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103 (1903); see 28 U.S.C. § 1653. Even assuming defendant is correct, nevertheless the action must be remanded for lack of subject matter jurisdiction under current, controlling circuit law.

Defendants, in addition to the sole named defendant, General Motors Corporation, include John Does 1—10. In *Bryant v. Ford Motor Co.*, 832 F.2d 1080 (9th Cir.1987) (en banc), the Court held that "the presence of Doe defendants under California Doe defendant law destroys diversity and, thus, precludes removal." Further, the en banc court went on to hold, "We overrule all of our cases creating exceptions to this general rule." *Id.* at 1083. With respect to the issue of the existence of diversity jurisdiction in a case with Doe defendants at the time of removal, defendant concedes that there is no rational basis on which to distinguish Hawaii's Doe pleading practice from the California Doe pleading practice which was the subject of *Bryant.* As stated in defendant's supplemental memorandum, "Rule 17(d) of the Hawaii Rules of Civil Procedure sets forth the Doe defendant rules promulgated by the Hawaii Supreme Court. General Motors finds no substantive difference between California and Hawaii law in this area." It is clear that this en banc decision controls in Hawaii, as well as in California. *Cf. Hise v. Garlock, Inc.*, 841 F.2d 342, 343 (9th Cir.1988) (holding that *Bryant* applies to Idaho Doe defendant practice).

IT IS ORDERED that this action, having been removed improvidently and without jurisdiction, 28 U.S.C. § 1447(c), hereby is REMANDED to the Circuit Court of the First Circuit of the State of Hawaii.

Each party shall bear his, her or its own costs on removal and remand.