CAMERON *v.* HODGES.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TENNESSEE.

No. 208.   Argued April 5, 1888. — Decided April 30, 1888.

A petition by defendant for removal of a cause from a state court, on the ground of citizenship, which alleges that he is a citizen of another named State of which none of the complainants are citizens, is insufficient unless the record discloses that they are citizens of other named States of which the defendant is not a citizen, or are aliens.

This court of its own motion uniformly takes the objection of want of jurisdiction in the Circuit Court, especially as regards citizenship.

A want of jurisdiction of a Circuit Court arising out of a defect in the allegations of citizenship in a cause removed from a state court, on the ground of citizenship, cannot be cured by affidavits here.

THIS was an appeal from the Circuit Court of the United States for the Western District of Tennessee.

The suit was originally brought in the Chancery Court of Shelby County, held in the city of Memphis in that State, in regard to a controversy which arose concerning the title to certain real estate situated in the State of Arkansas. The principal defendant, Asa Hodges, was a citizen of Arkansas, and upon that ground procured an order in the Chancery Court to remove the case into the Circuit Court of the United States for the Western District of Tennessee. The allegations upon which this removal was made were as follows:

"In the Chancery Court of Shelby County, Tennessee.

"Anna E. Cameron et al. ⎫
      *v.*       ⎬ R. 4593.
  Asa Hodges et al. ⎭

"To the Hon. W. W. McDowell, chancellor:

"Your petitioner states that he is, and at the time of the institution of this suit was, a citizen of the State of Arkansas and not of the State of Tennessee, and that none of the complainants are or were at that time citizens of the State of Arkansas; that said suit is of a civil nature, and the matters in controversy exceed, exclusive of costs, in value the sum of five hundred dollars; that the controversy affects the ownership of real estate in said State of Arkansas, and can be wholly decided between complainants and this defendant. Wherefore he prays an order for the removal of said cause from this court to the United States Circuit Court for the Western District of Tennessee, at Memphis, and he tenders herewith the requisite bond, as required by law, for the removal thereof.

"Asa Hodges, the petitioner, being sworn, says the matters set forth in the above petition are true as far as stated on his own knowledge; the rest he believes to be true.

ASA HODGES.

"Sworn to this October 2d, 1882.

"J. M. BRADLEY, *Deputy Clerk and M.*"

*Mr. D. H. Poston,* with whom was *Mr. W. H. Poston* on the brief, for appellants.

*Mr. W. G. Weatherford,* with whom was *Mr. T. B. Turley* on the brief for appellees. *Mr. Weatherford* and *Mr. J. B. Heiskell* after the cause was argued and submitted, filed the following affidavit:

Asa Hodges, being sworn, says that he is the defendant and appellee in this cause, and that the affidavit made by him for its removal from the state court in Tennessee to the United States court was inadvertently made less full than the facts warranted; that at the time of the institution of said suit he

was, and ever since has remained, a citizen of the State of Arkansas; and that at the same time Ann E. Cameron and J. D. Cameron were citizens of the State of Mississippi; Mary F. Thompson and J. A. Thompson, and J. E. Price, were citizens of the State of Texas; E. J. Morton, L. W. Morton, L. C. Cobb, and R. W. Cobb, were citizens of the State of Alabama; and Gasken Price, Wm. Price, Lawler Price, and Leila Price, were citizens of the State of Tennessee; and that the parties named were all the complainants in said cause.

A. HODGES.

STATE OF TENNESSEE, }
    *County of Shelby.* }

Personally appeared [before] the undersigned, notary public for said county and State, Asa Hodges, who made oath that the statements in the foregoing affidavit are true.

Subscribed and sworn to before [me] this 20th day of April, 1888.

    [SEAL.]                  J. E. DILLARD,
                               *Notary Public.*

With this affidavit they filed a brief in support of the jurisdiction of the court.

MR. JUSTICE MILLER, after stating the case, delivered the opinion of the court.

While this petition sets forth the citizenship of Hodges to be in the State of Arkansas, both at the commencement of the suit and at the time of the application for removal, it does not state that of any of the complainants, but merely says " that none of the complainants are or were at that time citizens of said State of Arkansas," nor have we been able to find in the record any evidence, allegation or statement as to the citizenship of any of them. That the defendant, Hodges, was a citizen of Arkansas, in connection with the fact that none of the complainants were citizens of that State, is not sufficient to give jurisdiction in a Circuit Court of the United States. *Brown* v. *Keene*, 8 Pet. 112, 115.

The adverse party must be a citizen of some other named

State than Arkansas, or an alien. All the complainants might be residents and citizens of the District of Columbia, or of any Territory, and they might not be citizens of the State of Tennessee where the suit was brought, or indeed, of any State in the Union. A citizen of a Territory, or of the District of Columbia, can neither bring nor sustain a suit on the ground of citizenship, in one of the Circuit Courts. *Barney* v. *Baltimore*, 6 Wall. 280.

This court has always been very particular in requiring a distinct statement of the citizenship of the parties, and of the particular State in which it is claimed, in order to sustain the jurisdiction of those courts; and inasmuch as the only citizenship specifically averred and set out in the case before us is that of the defendant, Hodges, at whose instance the cause was removed, and as that is the only ground upon which the removal was placed, it seems clear that the Circuit Court did not have jurisdiction of it, and that the suit should have been dismissed or remanded for that reason. *Robertson* v. *Cease*, 97 U. S. 646. The allegation which was made in that case, that Cease, who was the plaintiff, in the action in the Circuit Court for the Western District of Texas, "resides in the county of Mason and State of Illinois," was held not to be a sufficient averment of his citizenship in Illinois. See, also, *Godfrey* v. *Terry*, 97 U. S. 171.

This court has uniformly acted upon the principle that in order to protect itself from collusive agreements between parties who wish to litigate their controversies in the federal courts, it would, on its own motion, take the objection of the want of jurisdiction in the Circuit Court, especially as regards citizenship. *Hilton* v. *Dickinson*, 108 U. S. 165; *Morgan's Executor* v. *Gay*, 19 Wall. 81.

We have considered the application of Hodges, the defendant in error, to supply the want of averments in regard to the citizenship of the complainants in this suit. The difficulty here, however, does not relate to the jurisdiction of this court, in regard to which evidence by affidavit has sometimes been received where the defect was as to the amount in controversy, and perhaps in relation to some other point. The juris-

diction of this court in the present case is undoubted, but, as the previous remarks in this opinion show, the Circuit Court never had jurisdiction of it; and while we may be authorized to reverse the decree so rendered we have no power to amend the record so as to give jurisdiction to that court by proceedings here. The case in this court must be tried upon the record made in the Circuit Court. In this instance there has been a removal from a tribunal of a state into a Circuit Court of the United States, and there is no precedent known to us which authorizes an amendment to be made, even in the Circuit Court, by which grounds of jurisdiction may be made to appear which were not presented to the state court on the motion for removal. In fact, under the fifth section of the act of March 3, 1875, it being manifest upon the face of the affidavit or petition for removal in the present suit that the case had been improperly removed into the Circuit Court, it was the duty of that court at all times and at any time during its pendency before it to have remanded the case to the tribunal of the State where it originated. We can do no more, however, than to reverse the action of the court below from which this appeal was taken, because it had no jurisdiction of the case.

*The decree in this case is reversed for want of jurisdiction in the Circuit Court, and the case remanded for further proceedings.*