## COWELL v. DUCAS et al.

District Court, S. D. New York.
Dec. 30, 1932.

Maurice Gevirtz, of New York City, for plaintiff.

Alfred McCormack, of New York City, for defendant Hensel.

Chadbourne, Hunt, Jaeckel & Brown, of New York City (Clinton DeWitt Van Siclen, of New York City, of counsel), for defendant Alexander J. McLanahan.

WOOLSEY, District Judge.

The complaint herein is dismissed because it does not contain such allegations as are necessary to give this court jurisdiction of the subject-matter of this cause on the basis of diversity of citizenship. There will, however, be given leave to amend within twenty days on the conditions hereinafter set forth.

In view of the jurisdictional infirmity of the complaint, I am unable to deal with these motions which involve questions of the adequacy of the complaint, and which necessarily presuppose jurisdiction in this court.

I. In a court of limited jurisdiction, such as the United States District Court, the first inquiry always to be made by a judge before whom a motion comes is whether the papers before him show on their face that he has jurisdiction of the subject-matter of the cause. This must be affirmatively shown.

In this cause the papers do not thus show such jurisdiction.

II. What is referred to as the preamble

of the bill of complaint herein and the first two paragraphs thereof read as follows:

"Henrietta Cowell, a citizen of the United States, now residing within the Southern District of the State of New York, brings this Bill of Complaint against Robert Ducas, a citizen of the United States, and a resident of the Southern District of New York, now residing at Warwick, England; Alexander J. McLanahan, H. Struve Hensel, George F. Shea and George R. Pfann, are citizens of the State of New York, and are now residing within the Southern District of New York, 'John' McLanahan, Jr. and 'Richard' McLanahan are citizens of the State of Pennsylvania, and reside in the City of Halidaysburg, Pennsylvania and the Mogul Corporation is a Delaware Corporation, with its principal place of business in the City of Dover, State of Delaware; and your orator complains:

"1. The Citizenship of the parties is as stated in the preamble.

"2. The grounds upon which the jurisdiction of this Court depends are the diversity of citizenship of the parties and the fact that the amount in dispute, exclusive of interest and costs, far exceeds the sum or value of Three Thousand ($3,000.00) Dollars."

III. By the description of herself in the preamble of the complaint as "a citizen of the United States, now residing within the Southern District of New York," the plaintiff destroys in limine her locus standi to invoke the jurisdiction of this court on the basis of diversity of citizenship.

To be a citizen of the United States is not sufficient for that purpose. Pannill v. Roanoke Times Co. (D. C.) 252 F. 910, 914, 915.

It has been consistently held since 1805, when the first cause involving the question arose, that a party who desires to avail of such jurisdiction must be a citizen of one of the states. Hepburn & Dundas v. Ellzey, 2 Cranch, 445–452, 453, 2 L. Ed. 332; Corporation of New Orleans v. Winter, 1 Wheat. 91, 94, 4 L. Ed. 44; Scott v. Jones, 5 How. 343, 377, 12 L. Ed. 181; Barney v. Baltimore City, 6 Wall. 280, 287, 288, 18 L. Ed. 825; Cameron v. Hodges, 127 U. S. 322, 325, 8 S. Ct. 1154, 32 L. Ed. 132; Hooe v. Jamieson, 166 U. S. 395, 396, 397, 17 S. Ct. 596, 41 L. Ed. 1049; Downes v. Bidwell, 182 U. S. 244, 259, 21 S. Ct. 770, 45 L. Ed. 1088; Clark v. Southern Pacific Company (C. C.) 175 F. 122, 125; Prentiss v. Brennan, 19 Fed. Cas. page 1278, 1279, No. 11,385.

Allegations of residence within a state are not the equivalent in legal effect of an allegation of citizenship in such state. Realty Holding Company v. Donaldson, 268 U. S. 398, 399, 45 S. Ct. 521, 69 L. Ed. 1014; Neel v. Pennsylvania Company, 157 U. S. 153, 154, 15 S. Ct. 589, 39 L. Ed. 654; Cameron v. Hodges, 127 U. S. 322, 325, 8 S. Ct. 1154, 32 L. Ed. 132; Robertson v. Cease, 97 U. S. 646, 648, 24 L. Ed. 1057.

The same infirmity of jurisdictional allegation pervades the statement as to the citizenship of the defendant Ducas. For a party may be a citizen of the United States but not a citizen of any state, in which event diversity of citizenship cannot be invoked as a ground of federal jurisdiction against him. Cf. Pannill v. Roanoke Times Company (D. C.) 252 F. 910, 914.

IV. Furthermore, it is necessary, to the jurisdiction of a suit or action brought originally in one of the United States District Courts on the ground of diversity of citizenship, that each plaintiff must be able to maintain a suit in the United States District Court against each of the defendants named. Cuebas v. Cuebas, 223 U. S. 376, 387, 388, 32 S. Ct. 277, 56 L. Ed. 476; Strawbridge v. Curtiss, 3 Cranch, 268, 2 L. Ed. 435; Cf. also Minez v. Merrill et al. (D. C.) 43 F.(2d) 201, 203.

V. It is the court's duty to dismiss a cause of its own motion, as I do here, when jurisdiction does not appear on the face of the papers.

Consequently, the complaint herein is dismissed as against all the defendants, and, unless the plaintiff can amend within 20 days, and truly allege under oath such diversity of citizenship as will give this court jurisdiction of the subject-matter, it will stand dismissed, without costs, for lack of jurisdiction.

If, however, the plaintiff is able thus to amend within said time, she has hereby leave to do so.

Settle order on notice.