Jeff HUGHES, Plaintiff,

v.

UNITED ENGINEERS & CONSTRUC-
TORS, INC. & Custodis Construc-
tion Company, Inc., Defendants.

United States District Court
S. D. New York.
Nov. 25, 1959.

Isidore Halpern, Brooklyn, N. Y., for plaintiff.

Hampton & Dietel, New York City, for defendant United Engineers & Constructors, Inc.

LEVET, District Judge.

Motion is made by the defendant United Engineers & Constructors, Inc. to transfer this action to the United States District Court for the District of Delaware pursuant to Section 1404(a) of Title 28 U.S.C.A.

The plaintiff moves for an order remanding the action to the Supreme Court of the State of New York, County of New York.

The facts are not in dispute and are as follows:

1. The plaintiff is a resident of the Town of Hanover, Commonwealth of Pennsylvania.

2. The defendant, United Engineers & Constructors, Inc. (referred to hereinafter as "United") is a corporation organized and doing business under the laws of Delaware with its main office in the City of Philadelphia, Commonwealth of Pennsylvania.

3. The co-defendant, Custodis Construction Company, Inc. (referred to hereinafter as "Custodis") is a corporation organized and doing business under the laws of the State of Delaware, duly licensed to do business in the State of New York, with a principal place of business in the County, City and State of New York.

4. The action was brought to recover damages for injuries received by the plaintiff in a fall on August 11, 1958. Plaintiff was employed as a laborer in connection with the construction of a power house for the Delaware Light and

Power Co. The defendant United was the general contractor for the job and the co-defendant Custodis was the subcontractor.

5. The action was commenced in the Supreme Court of the State of New York, County of New York, on July 9, 1959, by the service of a summons on the co-defendant Custodis. The defendant United was served on July 10, 1959.

6. On September 23, 1959, a Petition and Bond were filed in the United States District Court for the Southern District of New York removing the action to this court. The basis of the petition for removal was that the case presented diversity of citizenship and, therefore, the federal district court had jurisdiction. The defendant United did not allege in its petition where its principal place of business was.

Since the present motion of the plaintiff challenges the requisite diversity and, therefore, the jurisdiction of this court, that motion will be discussed first. At issue is the nature of the defendant United's status in the Commonwealth of Pennsylvania. The plaintiff claims that Pennsylvania is United's principal place of doing business and since the plaintiff is also a resident of Pennsylvania there is no diversity of citizenship.

An amendment in 1958 to 28 U.S.C.A. § 1332 reduced the jurisdiction of the federal courts in civil actions involving diversity of citizenship. The section was added providing that a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." [1] This section, making a corporation a citizen of the state where it has its principal place of business, places upon the federal court the burden of analyzing the activities of the corporation before a decision as to jurisdiction can be reached.[2]

Two affidavits in support of the motion by the defendant United state that the "main office" of United is at Philadelphia, Pennsylvania. The plaintiff contends that "main office" is synonymous with the "principal place of doing business."

The position of United is that while its main office is in Philadelphia, it is currently operating in nine different states, including the State of Delaware, where it was incorporated. The defendant United points to the fact that it has a greater number of employees in New Jersey than in Pennsylvania and that it has sales offices in New York City, N. Y. and Chicago, Illinois, each in charge of a vice-president. However, defendant nowhere alleges that Pennsylvania is not its principal place of business or names any other state as its principal place of business.

The defendant contends that the amendment to Section 1332(c) of Title 28 U.S.C.A. was never intended to deprive a corporation of the right to remove a case to the federal court under these circumstances—that is, in the case of a corporation incorporated in Delaware and also a resident of Delaware, having an office within that state and operating there in the usual course of its business. It reasons that the amendment was aimed at a primarily local corporation with a foreign charter.

This problem was discussed in Browne v. Hartford Fire Insurance Co., D.C.N.D.Ill.1959, 168 F.Supp. 796, 798. The court there quotes the Congressional Record to establish the purpose of the amendment as follows: "The underlying purpose of diversity of citizenship legislation * * * is to provide a separate forum for out-of-State citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the Federal courts. Whatever the effectiveness of this rule, it was never intended to extend to local corporations which, because of a legal fiction, are considered citizens

1. 28 U.S.C.A. § 1332(c).

2. See The 1958 Amendments Affecting Jurisdiction of the Federal Courts, Insurance Counsel Journal, pp. 594–98, October, 1959.

of another State * * * [The amendment] will eliminate those corporations doing a local business with a foreign charter but will not eliminate those corporations which do business over a large number of States, such as railroads, insurance companies, and other corporations whose businesses are not localized in one particular State. Even such a corporation, however, would be regarded as a citizen of that one of the States in which was located its principal place of business." 168 F.Supp. at pages 797, 798. See also Roseberry v. Fredell, D.C. Ky.1959, 174 F.Supp. 937.

The test to be applied to such a multi-state corporation was pointed out in Scot Typewriter Co., Inc. v. Underwood Corp., D.C.S.D.N.Y.1959, 170 F. Supp. 862. The court stated: "The issue must be resolved on an over-all basis. It is governed by the totality of corporate activity at a given place, which, to borrow a phrase from another area of law, may be said to represent the 'center of gravity' of corporate function. * * * Where a corporation is engaged in farflung and varied activities which are carried on in different states, its principal place of business is the nerve center from which it radiates out to its constituent parts and from which its officers direct, control and coordinate all activities without regard to locale, in the furtherance of the corporate objective." 170 F. Supp. at page 865. See In re Hudson River Nav. Co., 2 Cir., 1932, 59 F.2d 971.

Without deciding whether the contention of the plaintiff, that "main office" is synonymous with "principal place of business," is necessarily valid, under the facts of this case the principal place of business of the defendant United is held to be its main office in Philadelphia, Pennsylvania. The term "main office" naturally raises an inference of the "center of gravity," the nerve center of corporate function. United has presented no evidence to show that the main office is not the principal place of business or that this principal place of business resides in another state.

Removal sections traditionally have been strictly construed and all doubts resolved against the removal. See Browne v. Hartford Fire Insurance Co., supra. See also Cameron v. Hodges, 1887, 127 U.S. 322, 8 S.Ct. 1154, 32 L. Ed. 132; Phoenix Ins. Co. v. Pechner, 1877, 95 U.S. 183, 24 L.Ed. 427.

I conclude that:

1. The plaintiff is a citizen of Pennsylvania.

2. By virtue of Section 1332(c) of Title 28 U.S.C.A. the defendant United is deemed a citizen of Pennsylvania.

3. The fact that diversity of citizenship exists between the plaintiff and the co-defendant Custodis does not alter the jurisdictional situation, as for diversity to exist there must be diversity between plaintiff and all parties defendant, not just one.

Accordingly, there is no diversity of citizenship and the federal courts have no jurisdiction.

The action is remanded to the Supreme Court of the State of New York, County of New York, where it was commenced.

The motion by the defendant United to transfer this action to the United States District Court for the District of Delaware must accordingly be denied.

Settle order on notice.