**Frank J. PETTINELLI et al.,
Plaintiffs-Appellants,**

v.

**Edmund R. DANZIG et al.,
Defendants-Appellees.**

**No. 79–3784.**

United States Court of Appeals,
Fifth Circuit.
Unit B

May 15, 1981.

Anthony N. Del Rosso, Mineola, N.Y., for plaintiffs-appellants.

Ronald P. Teevan, Clearwater, Fla., for Forrest B. Strother.

James E. Thompson, Tampa, Fla., for Skyway Development Corp.

Sam Carbonaro, pro se.

D. Dean Barnard, pro se.

Antinori & Thury, Paul Antinori, Jr., Tampa, Fla., for Danzig, et al., Tiona, Bay Engineering, Inc. and 1st Realty Corp. of Tampa.

De la Parte & Butler, Richard A. Gilbert, Tampa, Fla., for Byington and Sutton.

Theodore Raulerson, pro se.

Before MARKEY,* Chief Judge, HILL, and THOMAS A. CLARK, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Plaintiffs commenced this shareholders' derivative action on February 2, 1977, alleging numerous acts of corporate misconduct by defendants in connection with the management of Skyway Development Corporation [hereinafter Skyway]. Plaintiffs have appealed from an order of the district court granting full summary judgment to certain defendants and partial summary judgment to others. Because we determine that we are without jurisdiction to consider the merits of this appeal, we dismiss.

I.

Plaintiffs' amended complaint, grounded jurisdictionally upon diversity of citizenship, 28 U.S.C. § 1332(a) (1976), alleges eight causes of action essentially charging defendants with fraud, conspiracy, and violations of fiduciary duties. The relief plaintiffs requested includes, inter alia, an accounting, appointment of a receiver, rescission, specific performance, some $67 million in actual damages, and an unspecified amount of punitive damages. Skyway, a nominal defendant, has counterclaimed to the tune of $100 million alleging, inter alia, that plaintiffs' action is a "spurious lawsuit" filed "for the purpose of destroying [the] corporation."

The United States District Court, Middle District of Florida, on October 4, 1979 granted summary judgment, see Fed.R. Civ.P. 56(d), as to certain issues and parties in the case. The grant of summary judgment focused in large measure upon a release agreement entered into in 1974 between various members of Skyway's board and plaintiffs. The scope of the grant was

clear: three defendants were granted partial summary judgment and five others were granted full summary judgment. This action by the district court, then, clearly had the effect of disposing of "one or more but fewer than all of the claims or parties," Fed.R.Civ.P. 54(b), involved. From the order of the district court granting partial and full summary judgments, plaintiffs have attempted to appeal. They neither moved the district court to enter final judgment as to issues or parties they seek to bring before this Court, see Fed.R. Civ.P. 54(b), nor have they requested district court certification for interlocutory appeal, see 28 U.S.C. § 1292(b) (1976).

II.

A federal court's inquiry into its own jurisdiction to consider the merits of a case before it has been aptly characterized by commentators as "the first principle of federal jurisdiction." P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, Hart and Wechsler's The Federal Courts and the Federal System 835 (2d ed. 1973). So critical is this "first principle" to our constitutional government that federal jurisdiction is said to be an "open" question at all stages, trial and appellate, of an action. In fact, "[t]his question the court is bound to ask and answer for itself, even when not otherwise suggested . . . ," Mansfield, Coldwater & Lake Michigan Ry. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884), and we have done precisely that. See also City of Kenosha v. Bruno, 412 U.S. 507, 511, 93 S.Ct. 2222, 2225, 37 L.Ed.2d 109 (1973); Louisville & Nashville Railroad Company v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed.2d 126 (1908); Cameron v. Hodges, 127 U.S. 322, 325–26, 8 S.Ct. 1154, 1155–1156, 32 L.Ed. 132 (1888); Mansfield, supra, 111 U.S. at 382, 4 S.Ct. at 511; Capron v. Van Noorden, 6 U.S. (2 Cranch) 126, 126, 2 L.Ed. 229 (1804); Oswalt v. Scripto, Inc., 616 F.2d 191, 192 (5th Cir. 1980); State of Alabama ex rel. Baxley v. Woody, 473 F.2d 10, 12–13 (5th Cir. 1973). In advance of

* Chief Judge of the U. S. Court of Customs and Patent Appeals sitting by designation.

oral argument we raised *sua sponte* the existence of a final appealable order and through the Clerk requested the parties to brief the issue.[1] Our attention is properly directed to the arguments advanced by appellants in light of the irrefragable principle of federal practice placing "the burden . . . on the party claiming jurisdiction to demonstrate [it] exists." C. Wright, Handbook of the Law of the Federal Courts 17 (3d ed. 1976).

■ Plaintiffs assert two bases of appellate jurisdiction, 28 U.S.C. § 1291 in tandem with Fed.R.Civ.P. 54(b), and 28 U.S.C. § 1292(a). In support of their first assertion, plaintiffs argue that there is no need for an "express determination" by the district court under Rule 54(b). Such a determination, they argue, is clerical in nature especially in light of the district court's "intent" to render his grant final. The very words of Rule 54(b) belie this bizarre assertion:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination* that there is no just reason for delay and *upon an express direction* for the entry of judgment.

Fed.R.Civ.P. 54(b) (emphasis added). Notwithstanding plaintiffs' attempt to ascribe to the district court a given intent, the Rule says nothing of intent and conclusively mandates a different understanding of the posture of such a case:

> In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision* at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

*Id.* (emphasis added).[2] We feel obliged, before going further, to note the manifest irony of this argument. Rule 54(b) was promulgated, in part, to benefit litigants in plaintiffs' position. *See* Note, *Appealability in the Federal Courts*, 75 Harv.L.Rev. 351, 358 (1961). At one point in our legal history, *any* dispositive action by a federal district court in a multiple-party, multiple-claim scenario was thought to commence the appeal notice period as to the disposition ordered. *Cf. Sears, Roebuck & Company v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956).[3] This burdened the claims of many a litigant beyond repair, for if he failed to notice appeal within the short time period, his appeal on that disposition was forever lost.[4] Were we to permit plain-

1. Letter from Gilbert F. Ganucheau to All Counsel of Record (March 4, 1981):

    An initial review of the briefs in this case suggests some doubt that there is a final appealable judgment upon which jurisdiction of this court may be based. Counsel's attention is invited to 28 USC 1291 and Rule 54(b), Federal Rules of Civil Procedure.

    Counsel are directed to brief the question of jurisdiction of the appeal within ten (10) days of the receipt of this letter. A letter form of brief addressed to the Clerk will suffice.

2. Plaintiffs further attention is directed to cases in this Circuit requiring Rule 54(b) determinations to sustain appellate review of summary judgment grants. *Strozier v. Gen'l Motors Corp.*, 584 F.2d 755, 756 (5th Cir. 1978); *Jones v. Menard*, 559 F.2d 1282, 1284 n.1 (5th Cir. 1977); *Melancon v. Ins. Co. of North America*,

476 F.2d 594, 595 (5th Cir. 1973); *Scott v. Bd. of Supervisors*, 336 F.2d 557, 558 (5th Cir. 1964).

3. Although *Sears, Roebuck & Co. v. Mackey*, was decided under the 1946 language (effective 1948) of Rule 54(b), its logic is clearly applicable to the "multiple-claim" facet of present Rule 54(b). *See Curtiss-Wright Corp. v. Gen'l Electr. Co.*, 446 U.S. 1, 100 S.Ct. 1460, 1465–66, 64 L.Ed.2d 1 (1980); *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 743 n.3, 96 S.Ct. 1202, 1206 n.3, 47 L.Ed.2d 435 (1976).

4. Moreover, "it thus became prudent to take immediate appeals in all cases of doubtful appealability and the volume of appellate proceedings was undesirably increased." *Sears, Roebuck & Company v. Mackey*, 351 U.S. 427, 434, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956).

tiffs' appeal today, we would be obliged to *require* subsequent appellants to file multiple notices in like cases in order to preserve their rights.[5] That all of this difficulty has been avoided by Rule 54(b) is without doubt. *See Sears, Roebuck & Company v. Mackey, supra*; 6 Moore's Federal Practice ¶¶ 54.27[2.–2], [2.–3] (3d ed. 1976).

Plaintiffs' second assertion, based upon 28 U.S.C. § 1292(a)(1), is clearly without merit. *See Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966). They claim that because the district court's grant has the effect of denying rescission of the release agreement, that court has refused to grant an injunction. The statute reads:

> The courts of appeals shall have jurisdiction of appeals from: Interlocutory orders of the district courts of the United States ... or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a directed review may be had in the Supreme Court ....

28 U.S.C. § 1292(a)(1) (1976). "Injunction" and "rescission" are not synonymous. Plaintiffs can no more convert a prayer for rescission into one for injunction than they can convert a partial disposition into an appealable final judgment.

APPEAL DISMISSED FOR WANT OF JURISDICTION.