Sally James SMITH, et al., Plaintiffs,

v.

William M. SMITH, Defendant.

No. C–2–79–734.

United States District Court, S.D. Ohio, E.D.

June 2, 1982.

Carl P. Hirsch, Jr., Chillicothe, Ohio, R. Douglas Wrightsel, Columbus, Ohio, for plaintiffs.

Thomas H. Monger, Jackson, Ohio, Joseph A. Oths, Wellston, Ohio, for defendant.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

This matter is before the Court on its own motion raising the question of whether jurisdiction has been properly invoked. At issue is whether the Court should abstain from hearing this case in light of the federal courts' traditional reluctance to entertain domestic relations matters.

Briefly stated, the facts are as follows. Plaintiff Sally James Smith and defendant William M. Smith were married on June 11, 1949; they entered into a separation agreement on June 10, 1964, and they were divorced approximately one year later. Three children were born of the marriage, two of whom are plaintiffs in this action. The complaint claims that defendant has violated the terms of the separation agreement by failing to sell the family home "as quickly as possible for a price to be agreed upon by the parties," and by failing to provide for the college education of plaintiffs Stephanie Smith Adams and Shawn Bradford Smith. As to the house, defendant claims that Mrs. Smith's right to proceeds was extinguished under North Carolina law when one of her creditors caused the property to be sold at a sheriff's sale in 1978. Defendant apparently concedes that he purchased her interest in the house at this sale for around $1,300. As to the college expenses, defendant contends that he is excused by the fact that plaintiff Stephanie Smith Adams married against his wishes and thereby became emancipated, and by the fact that Shawn Bradford Smith has apparently chosen not to attend college.

According to the final pretrial order filed by the parties, defendant does not contest the jurisdiction of this Court over the case. It has long been the rule, however, that federal court jurisdiction cannot be conferred by the consent of the parties; the district court has an independent obligation to determine in every instance whether its jurisdiction is proper. *Carlsberg Resources Corp. v. Cambria Savings & Loan Assn.*, 554 F.2d 1254, 1255–57 (3d Cir.1977); *Pettinelli v. Danzig*, 644 F.2d 1160 (5th Cir. 1981); *Brewer v. HUD*, 508 F.Supp. 72, 74 (S.D.Ohio 1980); *see also* 13 Wright & Miller, *Federal Practice & Procedure* § 3522 (1975) (and cases cited therein). In keeping with this constitutional duty, the Court, *sua sponte*, has raised the abstention issue in light of *Firestone III v. The Cleveland Trust Co.*, 654 F.2d 1212 (6th Cir.1981), which was handed down shortly before this case was to be tried on the merits.

The *Firestone III* decision reaffirms the long-standing rule that federal courts should abstain from domestic relation disputes, and it lays down a number of guidelines for the district courts to consider in applying this doctrine. There plaintiff brought suit against her former husband in a federal court in Ohio, alleging, *inter alia*, that he had breached a 1974 settlement agreement and divorce decree entered in Florida. Specifically, it was claimed that defendant had failed to live up to those parts of the decree dealing with continued support of the ex-wife and their son. The court affirmed the district court's decision to abstain from entertaining those claims, and it held that:

It is incumbent upon the district court to sift through the claims of the complaint to determine the true character of the dispute to be adjudicated. The mere obtaining of a divorce decree, without more, does not remove the case from the arena of domestic relations and permit the intervention of federal courts to adjudicate issues unaffected by the decree.

*Id.*, 654 F.2d at 1216, *citing Solomon v. Solomon*, 516 F.2d 1018, 1024 (3d Cir.1975). The court noted further that abstention is proper even in cases which are "found to be verging upon or closely related to" the traditional jurisdictional exception. A number of relevant considerations were identified, including: (1) whether the district court would have to hear extensive evidence of

the parties' personal needs and finances; (2) whether the state courts would be better suited to interpret and apply the provisions of the agreement; (3) whether the district court would have to monitor continuing compliance with the agreement or assume the role of a state divorce court if the requested relief is granted; and (4) whether federal court jurisdiction could interfere with pending or potential state court proceedings.

The parallels between that case and this one are immediately evident. The complaint here sounds in contract, but, like the parties in *Firestone III*, plaintiffs seek essentially to determine defendant's continuing support obligations with respect to his children and his former wife. The interpretation and application of the Smiths' separation agreement and divorce decree would necessarily involve consideration of rather esoteric issues of North Carolina domestic relations law. The Court would be called upon to decide whether the former wife's right to proceeds from the sale of the family house is barred by the foreclosure of a creditor from whom the former husband later buys; and whether a father's obligation to pay the educational expenses of his children is extinguished when the child marries against his wishes, or when the child chooses to discontinue his formal education for a number of years. Clearly, then, the case "verges upon" the field of domestic relations law to such an extent that abstention would be proper.

In addition, many of the factors found to be dispositive in *Firestone III* are present here. Although there are apparently no concurrent state court proceedings pending in this matter, and there is no indication on the record that the original domestic relations court in North Carolina intended to retain jurisdiction over the divorce decree, the case is not particularly appropriate for federal court. A trial on the merits would almost certainly involve extensive inquiry into the personal finances of Mrs. Smith before and after the forced sale of the house, as well as the past, present and future college expenses of both Stephanie Smith Adams and Shawn Bradford Smith. By virtue of its special expertise in such matters, a state domestic relations court would be much better suited both to gather the relevant evidence and to interpret the facts in light of the applicable state law. A state domestic relations court would also be better able to administer whatever relief may be due plaintiffs, since the remedy, if any, will almost surely involve continued judicial supervision of the sale of the house or future educational costs. Under the principles articulated in *Firestone III*, then, the Court is obligated to decline jurisdiction.

Plaintiffs argue that even if it is called for under *Firestone III*, abstention would be highly unfair in light of the delay which would be caused by having to recommence the litigation in another forum. They rely on a series of cases which suggest that the trial court does have some discretion to refuse abstention where a great deal of time and effort has already been devoted to the case by attorneys for both sides. *See Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509, 516–517 (2d Cir. 1973); *Smith v. Metropolitan Property & Liability Ins. Co.*, 483 F.Supp. 673, 678–679 (D.Conn.1980). The Court finds these cases persuasive, but it believes that they do not control the result here. The file reflects that a substantial amount of work has indeed been done by the attorneys, but the Court sees no reason why these efforts, particularly with respect to research and discovery, cannot be utilized to obtain a speedy resolution of the case in a state tribunal. Furthermore, although some delay will undoubtedly result from the Court's abstention, this delay may be more than offset by the time that it would take to dispose of the appeal which would inevitably follow any exercise of federal jurisdiction. Simply put, even if a trial on the merits could be held in this Court tomorrow, and plaintiffs were able to prevail, the jurisdictional issue alone would provide defendant with ample opportunity to perfect an appeal, which if successful, could delay the ultimate disposition of the case for years.

For these reasons, the Court concludes that it must abstain from hearing this action. Accordingly, this case is DISMISSED

without prejudice to plaintiffs' efforts to reinstitute the proceedings in a state court. The Court will STAY entry of judgment for ninety (90) days, or until such time as it is satisfied that jurisdiction has been successfully obtained by plaintiffs in an appropriate state forum, whichever comes first.

So ORDERED.