SIERRA CLUB

v.

**COPOLYMER RUBBER AND CHEMICAL CORPORATION.**

SIERRA CLUB

v.

**ALLIED CHEMICAL CORPORATION.**

SIERRA CLUB

v.

**BERCEN SOUTHERN DIVISION OF BERCEN INCORPORATED.**

SIERRA CLUB

v.

**FORMOSA PLASTICS CORPORATION.**

Nos. Civ. A. 84–407–B, Civ. A. 84–408–B, Civ. A. 84–409–B and Civ. A. 84–410–B.

United States District Court, M.D. Louisiana.

Nov. 7, 1985.

Michael Osborne, New Orleans, La., for plaintiff.

Maureen N. Harbourt, R. Gordon Kean, Jr., William D'Armond, Kean, Miller, Hawthorne, D'Armond McCowan & Jarman, Baton Rouge, La., for defendant Copolymer Rubber & Chemical Co.

Frank S. Craig, III, Breazeale, Sachse & Wilson, Baton Rouge, La., for defendants Allied Chemical, Bercen and Formosa Plastics.

Warren Byrd, Baton Rouge, La., for amicus curiae, State of La.

POLOZOLA, District Judge:

These consolidated cases[1] were filed by Sierra Club under the citizen suit provision of the Clean Water Act, 33 U.S.C. 1365(a). In each of these cases, Sierra Club contends the defendants have violated Section 301(a) of the Act, 33 U.S.C. § 1311(a).

## I  Procedural History of the Cases

After these suits were filed, the standing of the Sierra Club to bring these suits became an issue in this case. In order to determine the legal standard to be applied by the Court on the standing issue, the Court stayed discovery on all issues except standing and ordered the parties to file briefs on the issue. After the Court denied plaintiff's motion for partial summary judgment on the standing issue, the Fifth Circuit Court of Appeals rendered its decision in *Hamker v. Diamond Shamrock Chemical Company,* 756 F.2d 392 (5th Cir. 1985). Thereafter, the Court ordered the parties to file briefs on whether the Court had jurisdiction in these cases under the *Hamker* decision. In addition, Copolymer filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[2] Briefs were filed, oral argument was held on two occasions and the matter was submitted to the Court.

## II  The Court's Jurisdiction

It is well settled that a federal court is empowered to hear only such cases as are within the judicial power of the United States, as defined in the Constitution, and have been entrusted to them by a jurisdictional grant by Congress.[3] It is also equally settled that a federal court has an obligation to notice want of subject matter jurisdiction on its own motion.[4] Where the subject matter jurisdiction of the Court has been challenged, the burden is on the party claiming jurisdiction to demonstrate that jurisdiction of subject matter exists.[5] Thus, the burden is upon the Sierra Club to demonstrate that subject matter jurisdiction exist in these cases.

---

1. The Sierra Club filed separate suits against Copolymer Rubber and Chemical Corporation ("Copolymer") (CA 84–407–B), Allied Chemical Corporation ("Allied") (CA 84–408–B), Bercen Southern Division of Bercen Incorporated ("Bercen") (CA 84–409–B) and Formosa Plastics Corporation ("Formosa") (CA 84–410–B). Because the same jurisdictional issue is involved in each of the cases, the Court has consolidated the cases in the interest of judicial economy.

2. After oral argument was held on the *Hamker* jurisdiction issue and the matter was submitted to the Court, Sierra Club filed another motion for partial summary judgment on the issues of standing and liability.

3. 13 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3522.

4. *Summer v. Mata,* 449 U.S. 539, 547 n. 2, 101 S.Ct. 764, 769 n. 2, 66 L.Ed. 722 (1981); *Louisville & N.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); and *Cameron v. Hodges,* 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132 (1888).

5. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1935); *Diefenthal v. Civil Aeronautics Board,* 681 F.2d 1039 (5th Cir.1982), *cert. denied* 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983); *Ortego v. Weinberger,* 516 F.2d 1005 (5th Cir.1975).

### III The Hamker Decision

*Hamker v. Diamond Shamrock Chemical Company*, 756 F.2d 392, involved the very same issue as that presented to this Court—does Section 1365(a) permit a citizen suit for past violations, or must the defendant be "in violation" of relevant standards, limitations and orders on the date the citizen suit is filed? After thoroughly discussing the history, meaning and purposes of Section 1365(a) [6] as it relates to the other provisions of the Clean Water Act, the Fifth Circuit Court of Appeals concluded:

> To summarize, the ordinary meaning of the words of the statute and its prior Supreme Court interpretation indicate that Section 1365 does not authorize citizens suits seeking either injunctive relief or the imposition of civil penalties where the defendant is not alleged to be in violation of an effluent standard, limitation or order. The section "authorizes only prospective relief" even though "civil penalties ... may be ordered by the court." 756 F.2d at 396 [7]

The Sierra Club argues that the *Hamker* case is wrong and that the appellate judges misinterpreted the provisions of the Clean Water Act.[8]

This Court is not only bound by the *Hamker* decision, but the Court must note that it fully agrees with the interpretation placed on § 1365 in the majority opinion.[9]

### IV The Court Has No Subject Matter Jurisdiction

Since the Court and Copolymer have questioned the Court's subject matter jurisdiction, the Sierra Club must affirmatively show that the Court has subject matter jurisdiction. Sierra Club has failed to demonstrate that the Court has subject matter jurisdiction in these cases. In each of the cases, the Sierra Club alleges that the defendants are in violation of an effluent standard, limitation or order at the time the suits were filed.[10] Since this allegation has been challenged by each of the defendants, the Sierra Club must present proof that the defendants were "in violation" at the time the suits were filed. However, the evidence [11] presented in these cases clearly and unequivocally shows that none of the defendants were in violation at the time the suits were filed.[12]

### IV Conclusion

The Court finds that the defendants were not in violation of any standard, limitation or order at the time the suits were filed herein. Therefore, the Sierra Club is precluded from filing a citizens suit against the defendants under Section 1365(a) of the Act. Since the Court does not have subject

---

**6.** 33 U.S.C. 1365(a) provides in pertinent part that *"any citizen may commence a civil action* ... against any person ... who is alleged *to be in violation of"* the relevant standards, limitations, or orders. (Emphasis supplied.)

**7.** Judge Jolly, in his opinion, emphasized on at least twenty separate occasions that the defendant must be "in violation" at the time the suit is filed in order for a citizen to file a suit under § 1365(a).

**8.** On oral argument, counsel for Sierra Club stated that the same argument the Sierra Club was making to this Court was made to the Fifth Circuit Court of Appeals in an amicus brief on rehearing in the *Hamker* case. The *Hamker* Court obviously rejected these arguments.

**9.** The Court does not believe that it is bound by the language in the concurring opinion regarding a suit filed against a "chronic episodic viola-

tor," 756 F.2d at 399, but even if this language applies, the facts as presented in the case sub judice fail to support the subject matter jurisdiction of the Court.

**10.** The allegations are set forth in paragraph 19 of each complaint filed in these cases.

**11.** The parties have filed numerous affidavits and exhibits into the record on the jurisdiction issue.

**12.** During oral argument, the Court unsuccessfully attempted on numerous occasions to have counsel for the Sierra Club point out any violations of any defendant which were pending on the date the suits were filed. Not only did plaintiff fail to set forth these violations during oral argument, but the record clearly demonstrates there were no violations on the dates the suits were filed herein.

matter jurisdiction, plaintiff's suits shall be dismissed.[13]

---

**13.** The Court's dismissal will be without prejudice. As noted in *Hamker,* the plaintiff may have a state damage claim which may be brought in a state court. *Hamker v. Diamond*

*Shamrock Chemical Company,* 756 F.2d 392, 396 (5th Cir.1985). The Court expresses no opinion as to the validity of such a claim.