910 F.2d 115
 SOUTHEAST BANK, N.A.; Joseph M. Persinger, on behalf of
themselves and all other shareholders of
Persingers Incorporated, Plaintiffs-Appellees,
v.
R. Frank CARMAZZI; Sales One, Inc., a West Virginia
corporation; Sales Two, Inc., a West Virginia corporation;
John C. Morton; W. Guy Wiles, Jr.; William A. Tantlinger;
Persingers Incorporated, a West Virginia corporation;
William F. Agee; First Huntington National Bank, N.A.,
Defendants-Appellants.
 No. 89-2610.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 10, 1990.
Decided Aug. 3, 1990.
As Amended Aug. 21, 1990.
 
 Robert Kennerly Emerson, argued, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, W.Va. (E.M. Kowal, Jr., Cheryl L. Connelly, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, W.Va., David A. Faber, Spilman, Thomas, Battle & Klostermeyer, Charleston, W.Va., William C. Beatty, Daniel J. Konard, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, W.Va., on brief), for defendants-appellants.
 John E. Lutz, argued, Dodson, Riccardi & Lutz, Charleston, W.Va. (J.W. Riccardi, Dodson, Riccardi & Lutz, Charleston, W.Va., Michael Houghton, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., on brief), for plaintiffs-appellees.
 Before HALL, Circuit Judge, MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation, and HOFFMAN, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This is an appeal in a stockholders' action in which the district court ordered a rescission on December 29, 1988, but never specified the point of time the rescission becomes effective, nor what the stockholders must do to restore the status quo. For the reasons stated herein the judgment of the district order entered on December 29, 1988, is a nonappealable order and is not a final judgment. We have also considered whether this is a "twilight zone" case under Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), but have concluded that an order of rescission requires further action on the trial level prior to noting an appeal.
 
 
 2
 Appellees filed a nine-count amended complaint against appellants. In sum, appellees sought (1) a temporary and permanent injunction, (2) alleged breaches of fiduciary duties by appellants seeking $878,000 in compensatory damages and $250,000 in exemplary damages, (3) charged a conspiracy on the part of the appellants with the same quantum of damages as noted above, (4) fraud on the part of appellants, again with the same claim for damages, (5) charged acts of conversion, the damages being the same, (6) an action under Secs. 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10(b)(5), seeking the same amount of compensatory damages but no exemplary damages, (7) protective relief under Secs. 31-1-41 and 31-1-134 of the West Virginia Corporation Code, seeking the appointment of a receiver and the entry of an injunction prohibiting acts of oppression by the appellants, and (8) that the acts of the appellants are ultra vires and constitute a waste of the assets, with the same compensatory and exemplary damages being asserted.
 
 
 3
 The gist of the district court order of December 29, 1988, lies in the final two paragraphs which read:
 
 
 4
 It is unconscionable that the action taken by the stockholders and directors [Carmazzi group] should be approved. The further action of the stockholders and directors assembled therefore is a nullity and cannot stand. Therefore, it is ORDERED that the acts authorized and the acts promulgated thereunder be rescinded and held for naught.
 
 
 5
 Realizing the impact of this order upon the corporation itself, and the individuals involved therewith, the Court is of the opinion that a stay of the operation of the same should be granted to permit the parties in interest the opportunity to perfect an appeal or take such action as they deem appropriate.
 
 
 6
 Reading the foregoing order, together with the Court's findings of fact and conclusions of law filed January 5, 1989, an inference is drawn that the improper acts of appellants commenced as early as January 1987, when Carmazzi, Wiles and Morton reached an agreement for an option to purchase 5592 shares (48 percent of the Persinger stock) formerly owned by John A. Persinger, a nephew of Meredith T. Persinger who served as President and Chief Executive Officer of Persingers from 1964 until March 2, 1985. John A. Persinger died on March 8, 1985. The stock holdings of John A. Persinger went to the First Huntington National Bank as Executor, and William Agee, its Vice President and Trust Officer was elected to the Board of Directors of Persingers, Inc. on September 17, 1985, and served until April 27, 1987, which was the date on which the Directors voted to recommend the merger (now rescinded by the district court) to the stockholders of Persingers, Inc. Whether Agee participated as a director when discussions were had as to the prospective merger is not clear, although he apparently did resign as a director as soon as the transfer of the stock was made to Carmazzi or the affiliate corporation formed by Carmazzi.
 
 
 7
 It could possibly be argued that an order of rescission is tantamount to an injunction, thus appealable under 28 U.S.C. Sec. 1292(a)(1). This argument is answered in Pettinelli v. Danzig, 644 F.2d 1160 (5th Cir. Unit B 1981), by a panel consisting of two Circuit Judges from what is now the Eleventh Circuit, and a visiting Circuit Judge. In rejecting this argument, the court said:
 
 
 8
 "Injunction" and "rescission" are not synonymous. Plaintiffs can no more convert a prayer for rescission into one for injunction than they can convert a partial disposition into an appealable final judgment.
 
 
 9
 The foregoing authority, together with McKinney v. Gannett Co., 694 F.2d 1240 (10th Cir.1982), also deals specifically with whether an order of "rescission" constitutes a final appealable order. Obviously, it does not.
 
 
 10
 Unless otherwise provided by statute, we are limited to review only "final decisions" of the district court. A "final decision" generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). When we consider such appeals, we know that "[t]he case is not to be sent up in fragments...." Luxton v. North River Bridge Co., 147 U.S. 337, 341, 13 S.Ct. 356, 358, 37 L.Ed. 194 (1893). With only a decision by the district court granting rescission, we have no knowledge as to what the next step will be, and we can safely predict that, barring a settlement, there will be many issues presented before there is an appealable final judgment.
 
 
 11
 The appellants filed their notice of appeal on January 10, 1989. The appeal was pending on June 12, 1989, when the district court entered an injunctive order stopping Carmazzi and the Persinger Group from proceeding further with respect to terminating the then existing employees' retirement plan at Persingers. Without discussing the propriety of entering an injunctive order while an appeal is pending, it can be said that there was no appeal noted from the injunction, and it is not even mentioned in the briefs. Since this case is being remanded to the district court, it is assumed that the order of June 12, 1989, will be vacated and considered further by the district court.
 
 
 12
 Costs are assessed against appellants.
 
 
 13
 DISMISSED AND REMANDED.